MAY TERM, 1865.  169

Edmunds, Treasurer of the City of Terre Haute, *v.* Gookins and Others.

---

Edmunds, Treasurer of the City of Terre Haute *v.* Gookins and Others.

In the year 1856, the city council of the city of Terre Haute passed a resolution extending the city limits, by annexing thereto certain contiguous territory. Suit by the owners of the lots so annexed to enjoin the collection of taxes assessed by the city.

*Held*, that any defect in the proceedings of the council was cured by sec. 83 of the act of March 9, 1857, for the incorporation of cities, 1 G. & H. 239.

APPEAL from the *Vigo* Circuit Court.

Elliott, C. J.—Suit by the appellees against *Edmunds*, Treasurer of the City of *Terre Haute*, to enjoin the collection of taxes assessed by the city on certain lots claimed to be within the city limits.

The common council of the city, in 1856, by resolution, extended the city limits, by annexing thereto certain con-

tiguous territory on the south, and also on the north, of the city. Part of the plaintiffs own portions of the territory annexed on the south, and the others own portions of that annexed on the north.

Taxes were assessed by the city against the plaintiffs on the property so annexed, and they filed a complaint against *Edmunds*, the treasurer, to enjoin the collection of such taxes, alleging that the annexation is illegal and void.

*Edmunds* answered by general denial, and the parties agreed that all legal defenses might be given in evidence under that answer.

The cause was submitted to the court for trial, which resulted in a finding for the plaintiff, and a perpetual injunction against the collection of the taxes. *Edmunds* appeals to this court. The evidence is all in the record. It consists mostly of an agreement of facts by the parties, and admissions on the trial, and presents no question of conflict of evidence.

The facts are substantially as follows: The territory annexed on the south, by the resolution of the common council, was embraced by the original plat of the city, and known thereon as out-lots, regularly platted and numbered, and the plat duly recorded. The lots belonging to the plaintiffs varied in size from five to thirty acres, one lot containing sixty-five acres. The extension of the city limits on the north, by the resolution of the common council, embraced a part of the *sixteenth* section, known as school lands. In 1838, the school commissioner of *Vigo* county, being about to sell said section, and for the purpose of enhancing the value thereof at such sale, laid off and platted said section into lots and streets, but not for the purpose of their annexation to the city, but with a view to their better sale as school lands. The lots thus platted were regularly numbered on the plat, and varied in size from two to ten acres. They were sold by the school commissioner on the 15th of *December*, 1838. The plat was

acknowledged and recorded in the recorder's office of the county, on the 26th of *March*, 1839.

At the time the plat was made and the lots sold, they were not contiguous to the city of *Terre Haute*, as the northern limit of the city did not extend to within a fourth of a mile of the south line of the school section; but, on the 6th of *February*, 1839, and before the plat of the section was acknowledged or recorded, the corporate limits of the city were extended to the south line of said section, whereby the lots so platted and sold by the school commissioner became contiguous to the city.

It was admitted on the trial that the city of *Terre Haute* was incorporated under the "Act for the incorporation of cities, approved *June* 18th, 1852."

A copy of the resolution of the common council extending the boundaries of the city so as to include the lots so annexed, was, on the 12th of *November*, 1856, together with a plat and map of survey, defining the metes and boundaries of such addition, filed and recorded in the office of the recorder of *Vigo* county.

The common council, in thus extending the city limits, acted under the authority of § 81 of the "Act for the incorporation of cities," 1 R. S. 1852, p. 220, which provides, "that, whenever there shall be lots laid off and platted, adjoining such city, and a record of the same is made in the recorder's office of the proper county, the common council may, by a resolution of the board, extend the boundary of such city so as to include such lots; and the lots thus annexed shall thereafter form a part of such city, and be within the jurisdiction of the same. The common council shall immediately thereafter file a copy of such resolution, together with plat and map of survey, defining the metes and boundaries of such addition, in the office of the recorder aforesaid, which plat shall be recorded."

It is urged by the appellees that the platting of the lots annexed by the resolution, on the south, on the original plat

of the city, and numbering and denominating them out-lots on such plat, did not make them "lots laid off and platted," within the meaning of the statute. The reason urged is, that the statute referred to contemplates lots of less size, such as are usually laid off in cities or towns, for ordinary building or business purposes. It will be observed that the statute does not limit, or in any manner designate, the size or area of lots that may be so annexed, nor are we aware of any law existing at the time of this extension of the city limits, limiting the size of city or town lots, but it seems to be left entirely to the discretion of proprietors.

It is also insisted that the plat of the school section, by the school commissioner, was not "laying off and platting lots," within the meaning of the statute authorizing their annexation to the city by resolution of the common council.

It is conceded that the school commissioner did not subdivide the section into lots, and plat the same, for the purpose of having them annexed to, or brought within, the corporate limits of the city, for at that time they did not adjoin the city. The section was laid off into lots, and sold as such, for the purpose, no doubt, of realizing the largest amount possible upon its sale. The value of the lots would necessarily be greatly enhanced by their near proximity to the city; and they were so laid off and sold with the evident expectation that the city limits would soon be extended to them.

The plat was duly acknowledged and recorded, and the city limits, soon after the sale of the lots, were extended to them, and they thereby become contiguous to the city. Whatever, then, may have been the intention of the school commissioner, at the time of making the plat and sale of the lots, they were, at the time of their annexation by the city council, "lots laid off and platted, adjoining the city," and the plats recorded in the recorder's office of the proper county; and it is difficult to see why they could not be annexed to the city in the manner prescribed by the statute.

Sections 82 and 83 of the same statute, authorize contiguous territory, "not platted or laid off," to be annexed, by application to the board of county commissioners; but, as this territory had been laid off and platted, and the plat recorded, it would seem that the jurisdiction of the county commissioners would thereby be defeated.

See, as to the word lot, as used in the statute, *The City of Evansville* v. *Page*, 23 Ind. 525.

But we do not deem it necessary to determine the question as to the validity of this annexation, at its date, as a subsequent statute, we think, covers any supposed defect that might exist.

The 83d section of the act of *March* 9, 1857, on the subject of the incorporation of cities, contains this provision: "Whenever any city incorporated under the acts hereby repealed, shall have, since the adoption of said acts by said city, heretofore, by a resolution of the common council, annexed any territory contiguous to said city, and shall have filed a plat or map of survey, defining the metes and boundaries of such annexed territory, in the office of the recorder of the proper county, such annexation of territory shall be deemed to be valid and effectual, and such annexed territory shall be deemed a part of such city, and within the jurisdiction of the same, from the time of the adoption of the said resolution." 1 G. & H., p. 239.

But it is argued that this provision was only intended as a saving clause, to save strictly legal annexations from the effect of the repeal of the statute of 1852, and that it was not intended as a curative provision. We do not think so. This case has been before this court once before, and will be found reported in 20th Ind., 447. It was then held that the annexation of the territory, by the common council, if not in strict compliance with the statute of 1852, was cured of any supposed defect by the statute of 1857, and we adhere to that opinion.

The judgment of the circuit court must, therefore, be reversed, as all other questions raised by the pleadings in

the case, than the one here decided, were waived in the court below, by the agreement of the parties.

The judgment is reversed, with costs, and the cause remanded, with instructions to the circuit court to dissolve the injunction, and render final judgment in favor of the defendant, and against the plaintiffs below for costs.

*C. Y. Patterson, W. Mack, J. N. Pierce* and *McDonald & Roache,* for appellant.

*Smith* and *Mack,* for appellees.