[Civil No. 756.   Filed March 22, 1901.]

[64 Pac. 417.]

## TERRITORY OF ARIZONA, ex rel. Attorney-General, Appellant, v. TOWN OF JEROME, Appellee.

1. Constitutional Law—Municipalities—Incorporation of—Not a Taking of Property without Due Process of Law—Notice—Unnecessary—Act of April 12, 1893, Act No. 72, Held not in Conflict with Act Cong. July 30, 1886, Harrison Act.—The incorporation of a municipal body has never been regarded as imposing taxes upon people, in the sense of taking property for a public use or taking property without due process of law, if all parties were not notified by publication or otherwise. The statute, *supra*, providing for the incorporation of towns, violates no provision of the constitution of the United States or the act of Congress, *supra*, in not providing for notice to the parties interested.

2. Same—Same—Same—Portion of a Community May Incorporate—Duty of Board of Supervisors—Act No. 72, Laws 1893, Construed.—The act, *supra*, providing that whenever two thirds of the taxable inhabitants of any town shall petition the supervisors of the county for the incorporation of the town, setting forth the metes and bounds of the same, the board may order such town incorporated, only required that the board of supervisors shall ascertain whether the petitioners live within the territory described in the petition by metes and bounds, and whether they constitute two thirds of the taxable inhabitants within such metes and bounds; and if two thirds of the taxable inhabitants living within the area described in the petition join in such petition, it is immaterial whether or not such area comprises the whole town.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Yavapai. R. E. Sloan, Judge. Affirmed.

The facts are stated in the opinion.

C. F. Ainsworth, Attorney-General, and E. M. Sanford (of Counsel), for Appellant.

It appears that the board caused a notice of the application for incorporation to be published in the Jerome newspapers. This is insufficient. The act must provide for notice. "It is not enough that the owners may, by chance, have notice, or that they may, as a matter of fact, have a hearing. The law must require notice to them, and give them the right to a hearing and an opportunity to be heard." *Garvin* v. *Daussman,* 114 Ind. 429, 5 Am. St. Rep. 637, 16 N. E. 828; *Stuart* v. *Palmer,* 74 N. Y. 183, 30 Am. Rep. 289; *Hood etc. Co.* v. *Wasco County,* 35 Or. 498, 57 Pac. 1026; *Fries* v. *Brier,* 111 Ind. 65, 11 N. E. 958; *Campbell* v. *Dwiggins,* 83 Ind. 473; *Whitford* v. *Probate Judge,* 53 Mich. 130, 18 N. W. 593; *Thomas* v. *Gains,* 35 Mich. 155; *Brown* v. *Denver,* 7 Colo. 305; 3 Pac. 455; *Philadelphia* v. *Miller,* 49 Pa. St. 446; *Santa Clara* v. *Railroad Co.,* 13 A. & E. Cas. 182; *Overing* v. *Foote,* 65 N. Y. 263; *Gatch* v. *Des Moines,* 63 Iowa, 718, 18 N. W. 312.

After the incorporation the inhabitants or taxpayer is concluded from questioning the validity of incorporation. *State* v. *Mayor,* 41 Atl. 98; *Kansas City* v. *Stegmiller,* 151 Mo. 189, 52 S. W. 723. After the incorporation comes taxation, and on those questions he has an additional right to be heard. *Gilmore* v. *Hentig,* 33 Kan. 156, 5 Pac. 781; *Paulson* v. *Portland,* 149 U. S. 30, 13 Sup. Ct. 750. The facts in the case at bar are the strongest argument against *ex parte* proceedings creating incorporations. Only a part of the town was incorporated, and two thirds of the taxable inhabitants of the town did not sign the petition. *Callen* v. *Junction City,* 43 Kan. 627, 23 Pac. 652.

This proceeding is a direct attack by the sovereignty, and the appellant is bound to show nothing, as the burden is on the appellee, and it must by answer either disclaim or justify, or the territory will be entitled to a judgment of ouster. *Clark* v. *People,* 15 Ill. 213; *Carrico* v. *People,* 123 Ill. 198, 14 N. E. 66; *Distillery etc. Co.* v. *People,* 15 Ill. 448.

In case of justification the appellee must set out his title specifically. *Railway Co.* v. *People,* 84 Ill. 426; *Holden* v. *People,* 90 Ill. 434.

Reese M. Ling, and H. M. Gibbes, for Appellee.

"There is nothing in the essential nature of such a corporation, so far as its creation only is concerned, which requires notice to or hearing of the parties included therein, before it can be formed." *Fallbrook Irr. Dist.* v. *Bradley,* 164 U. S. 112, 17 Sup. Ct. 56.

Unless restrained by constitutional limitations upon special legislation, the legislature has the power to create a municipal corporation without notice to or hearing of the persons residing or owning property within the municipality. *People* v. *Carpenter,* 24 N. Y. 86; *Shumway* v. *Bennett,* 29 Mich. 451, 18 Am. Rep. 107; *Territory* v. *Stewart,* 1 Wash. 98, 23 Pac. 405.

"Placing property within the corporate limits of a given city or town, where it will be subjected to the additional burden of municipal taxation and supervision, is not a taking of the property at all. The ownership is in no degree changed, and the increased burden is presumed to be equaled by the increased advantages." *Williams* v. *City of Nashville,* 89 Tenn. 487, 15 S. W. 364; *Wade* v. *Richmond,* 18 Gratt. 583; *Stilz* v. *Indianapolis,* 55 Ind. 515.

The majesty and sovereignty of the territory is not such that an action brought by it should suspend the rules of pleading. Issues are to be determined from the pleadings, and the right to incorporate a portion of the community known as the town of Jerome is not raised in the pleadings. This action is subject to the ordinary rules of pleading. *People* v. *Clark,* 4 Conn. 95; *State* v. *Com. Bank,* 10 Ohio, 535; *State* v. *Kupferle,* 44 Mo. 154, 100 Am. Dec. 265, and note; *Attorney-General* v. *Michigan Bank,* 2 Doug. 359; *People* v. *Richardson,* 4 Conn. 97.

STREET, C. J.—On February 9, 1899, there was filed with the board of supervisors of Yavapai County a petition signed by three hundred and fifty-two resident taxpayers of the town of Jerome, situated in Yavapai County, Arizona, stating that the town of Jerome contained a population of five hundred

or more inhabitants, and that said petitioners were two thirds of the taxable inhabitants of the town, and asking that the town of Jerome be incorporated according to act No. 72 of the Laws of 1893 of the territory of Arizona. The petition described the territory sought to be incorporated, by metes and bounds. The board of supervisors of Yavapai County received the petition, and gave public notice of its contents and the request of the petitioners, by advertising the same in two of the newspapers published at Jerome for four weeks, and set the time of hearing the petition for the eighth day of March, 1899. On the eighth day of March, 1899, the petition came on to be heard. Parties appeared for the petitioners and against the petition, and evidence was heard pro and con, whereupon the board of supervisors made the following order: "Now, therefore, in consideration of the premises, and pursuant to said act No. 72, it is hereby ordered that said town of Jerome be, and the same is hereby, incorporated, with the metes and bounds heretofore designated, and the same shall be a body politic and corporate by the name of said 'Town of Jerome,' and by said name said town and its successor or successors shall be known in law, have perpetual succession, unless disincorporated, may sue and be sued, plead and be impleaded, defend or be defended, in all courts, in all actions, suits, and matters whatsoever, and may have and use a corporate seal, and alter the same at pleasure, and enjoy and exercise all the rights, privileges, powers, duties, and franchises incident to an incorporated town." This action was brought by the attorney-general of the territory, in the name of the territory, against the town of Jerome by name, to test by the writ of *quo warranto* the legality of the corporation. The complaint does not reveal in what particular or for what reason the corporate franchise is attacked. It only alleges that within the limits of a certain county, described, a pretended municipality, styling itself the "Town of Jerome," is, and has been for more than three months last past, without any warrant or legal charter or grant, using and exercising the liberties, privileges, and franchises of a municipal town, and was exercising municipal rights, privileges, and franchises, which said privileges and franchises the said town of Jerome had usurped, and still usurps, without any right, power, or authority whatever. To this complaint a demurrer

was filed, which was overruled by the court, and the defendant answered, setting up in full and at length the order of the board of supervisors of Yavapai County, and the proceedings relating thereto, establishing the town of Jerome as a municipal corporation. To this answer a demurrer was filed, which was overruled by the court, and the cause proceeded to trial. Judgment was rendered for the defendant, maintaining the legality and the sufficiency of the franchise granted the town of Jerome by the said order of the board of supervisors under act No. 72 of the Laws of 1893 of the territory of Arizona, and the writ of *quo warranto* denied.

Before the passage of the Harrison Act (July 30, 1886) cities and towns in Arizona were incorporated by direct and special acts of the legislature. Among the many restrictions upon territorial legislation contained in the Harrison Act is the provision that the legislatures of the territories shall not pass local or special laws incorporating cities, towns, or villages, or changing or amending the charter of any city, town, or village. The legislature of Arizona, by act approved April 12, 1893, called "Act No. 72" in these proceedings, provided a general law for the incorporation of cities and towns. Such act provides that whenever two thirds of the taxable inhabitants of any town or village in the territory of Arizona containing a population of five hundred or more inhabitants shall present their petition to the board of supervisors of the county in which such town or village is situated, setting forth the metes and bounds of such town or village, and the name whereby such inhabitants desire to be incorporated, and praying for the incorporation of such town or village, if the supervisors shall be satisfied that two thirds of the taxable inhabitants of such village or town have signed such petition, such county supervisors may, by an order to be entered of record, declare such village or town incorporated. The act provides for designating the name of such village or town, giving its metes and bounds, and that henceforth the inhabitants within such metes and bounds shall be a body politic and corporate by the name designated, and by that name they and their successors shall have perpetual succession, sue and be sued, have and use a corporate seal; and further defines its rights, powers, and privileges. The assignments of error by the appellant, although variously stated, raise but two questions:

1. Was act No. 72 constitutional, so as to give the board of supervisors power to act? and 2. Did the board of supervisors comply with the act, in that the whole settlement of the town of Jerome was not incorporated?

The first objection might have been settled on the appellant's demurrer to the answer, or upon the whole facts in the case, as was finally done. The second question could only be settled upon a full hearing of the facts.

It is strongly argued by the appellee in his brief that his demurrer to the appellant's complaint should have been sustained. That demurrer sought to raise the question that the territory suing the municipality by name was such an admission of the existence of a municipal franchise that the territory was estopped from denying the existence of such franchise. That question is not before this court. The order overruling the demurrer was not appealed from. There was no final judgment following such order, and the order itself is not appealable. But we may say, in passing, that the question sought to be raised by the demurrer is not settled by uniform decisions, while a glance at the complaint itself will show that there is no allegation tending to make any such admission.

The serious question to be considered is whether the town of Jerome is legally incorporated. The public importance of that question is so great that we shall not avoid it by any refined argument as to whether the suit was properly brought or not, or whether the territory can be heard to deny the constitutionality of its own act after it has permitted a corporation to come into existence and exercise franchises by virtue of that act. When the parties interested are the territory alone and a corporation created under an act of the territory, it would seem to be inconsistent with good faith for the territory to call upon the corporation to show by what authority it exercises a franchise, and then to reply that, although the corporation exercises such franchise through the direct act of the territory, yet such act was ineffective to create that franchise. It would be the plain duty of the territory, if such were the case, to correct the errors, and to grant them a new franchise if the old power was inefficient. If the question were raised by a party other than the territory, it would be a different situation. Any one affected by the exercise of

a corporate franchise may have the right to test the legality of the franchise, except he who grants it.

Appellant contends that act No. 72 was unconstitutional, because it did not provide for due process of law, inasmuch as it contained no provision for giving notice to those who were interested, and undertakes to settle the question by determining whether the act of the board of supervisors was judicial or legislative in its nature. So far as the determination of this case is concerned, it is not necessary to characterize the act by either one of those names, or to determine whether it be judicial or legislative. The legislature of the territory of Arizona, the same as any other legislature when not otherwise restricted, has the right to create, enlarge, and restrict municipal franchises, and especially those municipal franchises which look to the government of a portion of the people. It has a right to enlarge or curtail the territorial boundaries of a municipal corporation. It has a right to do that quickly, instantaneously, without notice to anybody. By doing so it is not a trespass upon any constitutional guaranty as contained in the constitution of the United States. It was not necessary for the legislature, in passing a general act, which may be complied with and must be complied with by every community seeking to be incorporated as a city or town, to provide for the publication of notice or issuing of summons to any one, or the giving of any notoriety to what two thirds of its taxable inhabitants demand. The incorporation of a municipal body, a village, a town, or a city has never been regarded as imposing taxes upon people, in the sense of taking property for a public use or taking property without due process of law, if all parties were not notified by publication or otherwise. They are different from the private or quasi public corporations which have for their purpose the levying of taxes to create an improvement for the benefit of the property of those who reside within the limits of a certain district, and the rule which pertains to legislative acts creating such districts has no application to municipal corporations. Act No. 72 in that particular violates no provisions of the constitution of the United States or the act of Congress controlling territorial legislation.

As to the second class of errors complained of, to wit, that the board of supervisors did not have the power to incor-

porate a portion of the town,—that all the people of the town would have to be incorporated,—the position taken by the appellant is untenable. There can be no reason why a portion of a community may not ask to be incorporated as a municipal body, and leave out a portion of the community. The statute, in its reading, contains no such provision or suggestion. Under the evidence and the facts in this case, it is not determinable how many people constituted the community, and how many of the members of the community did not take part in the proceedings for incorporation. All the board of supervisors need look into in hearing and granting such petition is to ascertain whether the petitioners live within the territory described in the petition by metes and bounds, and whether they constitute two thirds of the taxable inhabitants within such metes and bounds. There is nothing in the law which would prevent a community divided by a natural or artificial line from incorporating themselves into two or more municipal corporations, instead of into one, although the community as a whole may be said to be but one community. This would naturally be the case if a community were separated by a county line. It has frequently been the case where they were separated by a stream of water,—two municipal corporations existing, one on one side of the stream, and the other on the other side of the stream. It is frequently the case that when a community undertakes to incorporate themselves into a municipality a large portion or all of the inhabitants within a certain territory are desirous of incorporating, while those who live on the outside of that territory do not wish to come into the corporation; and yet in such case it is perfectly proper and within the purview of the statute to allow the inhabitants within the territory who desire to become incorporated to present their petition, with metes and bounds, and ask the board of supervisors to establish for them a municipal corporation. The record does not show that anybody living without the limits of the corporate line of Jerome is complaining that they have not been brought into the corporation. If they have not been brought into the corporation, they are not injured; they can ask to be annexed. Under any circumstances, it is one of those cases where nobody has been injured. If the action of the board of supervisors was a nullity for the reasons stated by the appellant, it would be be-

cause of some statute. Our attention has not been called to the provisions of such a statute, and it is safe to say that no statutory provision has been disregarded in that particular. The judgment of the district court is affirmed.

Doan, J., and Davis, J., concur.