THE BOARD OF COMMISSIONERS OF THE COUNTY OF OWEN ET AL. v. SPANGLER ET AL.

[No. 19,783.   Filed December 18, 1902.]

HIGHWAYS.—*Gravel-road Bonds.*—*Injunction.*—*Collateral Attack.*—A suit will lie to enjoin the issuing of gravel-road bonds and the levying and collecting of a tax for the payment thereof, where such issue of bonds, including bonds already issued, exceeds four *per centum* of the assessed taxable valuation of the property of the township in violation of the act of 1899 (Acts 1899, p. 26)  *pp. 578, 579.*

CONSTITUTIONAL LAW.— *Local Laws.* — *Improvement of Highways.*— *Gravel-road Bonds.*—The act of March 4, 1899 (Acts 1899, p. 422), providing that the act of February 7, 1899 (Acts 1899, p. 26), limiting the issuing of bonds for the improvement of highways shall not apply to counties having a population between 15,000 and 15,050 as shown by the census of 1890, is local, and violative of §22, of article 4, of the Constitution, which provides that the General Assembly shall not pass local or special laws "For laying out, opening, and working on highways.  *  *  *  For the assessment and collection of taxes for  *  *  *  road purposes." *pp. 579-582.*

SAME.—*Local Laws.*—*Improvement of Highways.*—*Gravel-road Bonds.*— The act of March 9, 1901 (Acts 1901, p. 283), to legalize the proceedings of the board of commissioners of Owen county relative to the construction of gravel or macadamized roads, being special and local, is unconstitutional.  *p. 582.*

INJUNCTION.—*No Adequate Remedy at Law.*—*Taxation.*—*Gravel Roads.*— An order of the board of commissioners levying a special tax for the payment of bonds for the construction of gravel roads is an administrative act, from which no appeal will lie, and an aggrieved taxpayer, having no adequate remedy at law, is entitled to the remedy of injunction.  *pp. 582, 583.*

PARTIES.—*Action to Enjoin County Commissioners.*— *Taxation.*—*Gravel Roads.*—Suit may be maintained by any interested taxpayer to enjoin the issuing of bonds and the levying and collecting of a tax for the payment thereof in violation of the act of 1899 (Acts 1899, p. 26). *pp. 583, 584.*

From Owen Circuit Court; *J. R. Miller*, Special Judge.

Suit by John Spangler and others to enjoin the board of commissioners of Owen county from issuing gravel-road bonds, and levying and collecting a tax for the pay-

ment thereof. From a judgment for plaintiffs, defendant appeals. *Affirmed.*

*Willis Hickam, D. E. Beem* and *J. C. Robinson,* for appellant.

*I. H. Fowler, T. G. Spangler* and *G. W. Grubbs,* for appellees.

GILLETT, J.—Appellees, who were the plaintiffs below, commenced this action on October 14, 1901, to enjoin the issuing of the series of bonds hereinafter referred to, and to enjoin the levying and collection of a tax for the payment of said bonds. A demurrer was filed to the complaint. The demurrer was overruled, and appellants excepted, and, electing to abide their demurrer, they refused to plead further. From a decree granting appellees the relief sought, appellants appeal to this court. An assignment of error presents the question as to the sufficiency of the complaint.

The complaint discloses that on January 25, 1899, a proceeding was instituted before the board of commissioners of said county, under Acts 1893, p. 196, as amended by Acts 1895, p. 143, for the improvement of certain highways in Marion township, Owen county, "by laying out, changing, locating, grading, macadamizing or graveling the same." The proceedings that followed were regular, down to the letting of the contract. The contract was let on May 27, 1899, at a sum in excess of four *per centum* of the total assessed taxable valuation of all of the property of said township, and the bonds above referred to, which equaled in amount such contract price, were ordered issued and sold to pay the cost of said improvement. The further allegations of the complaint need not be stated, as but two questions are argued, and they are as to the authority to negotiate said bonds, and as to whether there was a remedy by appeal that appellees ought to have pursued.

On February 7, 1899, an act entitled "An act to limit the issue of bonds or other evidence of indebtedness for the

construction of free gravel or macadamized roads and declaring an emergency" (Acts 1899, p. 26), became a law. Section one of that act, omitting the enacting clause, is as follows: "That it shall be unlawful for any board of county commissioners to issue bonds or any other evidence of indebtedness payable by taxation, for the construction of free gravel, or macadamized roads, when the total issue for that purpose, including bonds already issued and to be issued, is in excess of four *per centum* of the total assessed taxable valuation of the property of the township or townships wherein such roads are located or to be located, and all bonds or obligations issued in violation of this act shall be void." March 4, 1899, the General Assembly passed a further act, with an emergency clause, by which it was provided that said last mentioned act "shall not in any manner apply to or affect the construction of free gravel or macadamized roads and the issue and sale of bonds therefor in cases where petitions have been filed or surveys and estimates have been ordered for the construction of free gravel or macadamized roads prior to February 27, 1899, and where the bonds for the construction of any such roads have not been issued or sold, prior to the 27th day of February, 1899, in counties where by the United States census of 1890 the population is shown to be between 15,000 and 15,050." Acts 1899, p. 422. In 1901 the General Assembly passed a curative act, solely applicable to the proceedings here in question, by which all of said proceedings and said bonds were declared validated. Acts 1901, p. 283.

We will first consider the question as to the effect of the order for the issue of bonds, apart from any question as to the validity of the two acts last above mentioned. Appellants' counsel contend that as the board of commissioners was constituted a special tribunal to act upon petitions to improve township highways, said board acted in a *quasi* judicial capacity, and that therefore its authority in the

premises, as against this collateral attack, was as abundant to decide wrong as to decide right. The claim that this doctrine is applicable to the case before us can not receive our assent. As shown, the statute makes it unlawful for boards of commissioners to issue bonds for such purposes when the total issue of such bonds, including bonds already issued, exceeds four *per centum* of the assessed taxable valuation of the property of the township, and the statute then provides that "all bonds or obligations issued in violation of this act shall be void." The township is a governmental subdivision of the State, and subject to the control of the General Assembly, and the board of commissioners is constituted as a special agency to provide for the making of such improvements, and to raise the money to pay for the same. When, therefore, it is provided by law that it shall be unlawful to issue bonds or other evidences of indebtedness under certain circumstances, and that bonds and obligations issued in violation of such law shall be void, we must regard the case as one where an authorized principal has not only limited the authority of the agent, but, further, as a case where such principal, being a lawmaking power, has by its fiat definitely fixed the consequences which shall attend upon a violation of its command. The sole question, therefore, is, what is the will of such principal, as expressed in the statute? The act of February 7, 1899, stands as a declaration that it is against public policy to permit the incurring of an indebtedness in such cases greater than the statute authorizes, and the attached provision as to the effect of a violation of the legislative prohibition should be construed liberally to advance the remedy. The rules of construction will not authorize us to add to the unequivocal provision that bonds or other evidences of indebtedness issued in violation of the act shall be void the words "except on collateral attack." In view of the statute, it must be said that there was an implied withdrawal of power from the tribunal to enter the order under such circumstances.

Board, etc., v. Spangler.

The case bears an analogy to cases where courts of general jurisdiction are denied the authority to enter a particular judgment. We recognize the extent that this court has gone in upholding the proceedings of special tribunals against collateral attacks, but we feel that a ruling on our part maintaining the validity of bonds or obligations that the statute has declared to be void, because of the effect of an exercise of jurisdiction, would be not only a step in advance of our former rulings, but a step that, if taken, would lead to the disregard and nullification not only of statutory but even of constitutional inhibitions against the incurring of indebtedness by public corporations in excess of prescribed limits. Such a prohibition means no less than its language imports, and we must therefore hold that unless the statute of February 7, 1899, was modified in its operation by subsequent acts, there was no power in the board of commissioners to issue the bonds in question.

We proceed to consider whether the act of March 4, 1899, had the effect to authorize the subsequent action of the board of commissioners in ordering said bonds issued. This court takes judicial notice of the population of the counties of this State according to the federal census of 1890. It is, therefore, advised that the only county in this State that had a population between 15,000 and 15,050, according to the federal census of 1890, was Owen county. As the population referred to in said act was to be determined according to a particular past census, so that other counties could not subsequently enter the class, it is apparent that by said act the General Assembly, in effect, sought to provide that the provisions of the general act of February 27, 1899, should not apply to certain described proceedings to improve gravel roads in the county of Owen. *City of Indianapolis* v. *Navin,* 151 Ind. 139, 41 L. R. A. 337. As we read said act of March 4, 1899, it did not purport simply to except proceedings in the described county from the operation of the act of February 7, 1899, that were pending on February 7,

1899; but as the particular proceeding was then pending, we may assume that at least a part of the intended operation of the act of March 4, 1899, was so to restrict the earlier act that it would not apply to the then pending proceeding that we are called upon to consider. The act of March 4, 1899, was clearly local in its application to proceedings in Owen county that may have been commenced subsequent to February 7, 1899, and prior to March 4, 1899. It is not material, however, as respects the local character of the act of March 4, 1899, that the proceeding under which the bonds in question were ordered issued was pending on and prior to February 7, 1899, so that it could be said that the act of March 4, 1899, was in its operation an act to exclude from the operation of the act of February 7, 1899, pending proceedings in Owen county, for the validity of such legislation can not be affirmed unless we are able to affirm that it would have been competent to have provided, as a part of the general act of February 7, 1899, that said act should not apply to gravel road proceedings then pending in Owen county. This we are unable to do.

Section 22, of article 4, of the Constitution of Indiana provides that "The General Assembly shall not pass local or special laws in any of the following enumerated cases, that is to say: * * * For laying out, opening, and working on, highways, * * * For the assessment and collection of taxes for * * * road purposes." The proceeding that was sought to be excepted was a proceeding, according to the averments of the complaint, for the laying out and opening of a highway, if not for a "working on" the same, and the proceeding so sought to be excepted also involved and required the assessment and collection of taxes for road purposes. It is not necessary that the act should impinge upon the Constitution in the particular of authorizing an issue of bonds to render an issue of bonds invalid. If there was no authority to enter into the contract for the improvement, because the cost thereof was in excess of four *per centum*

of the taxable valuation of the township, and if there was no authority to lay and collect the tax necessary to retire the bonds, because such tax would be laid by virtue of a local law "for the assessment and collection of taxes for  *  *  * road purposes," we think that appellees were entitled to enjoin the negotiation of bonds based on such proposed tax levy.   The attempted exclusion of pending proceedings for the improvement of gravel roads in Owen county from the operation of the general law prohibiting an issue of bonds for gravel road purposes in excess of four *per centum* of the taxable valuation of property of the township, was in effect an attempt to provide by a local law not alone for an issue of bonds, but for the levy of a tax that, under existing law, constitutes the means of retiring such bonds.   We think that it was not competent for the General Assembly to make such exception.   The act of March 4, 1899, does not purport to be a curative act, and it is not curative in the sense of attempting to validate a past proceeding, but we think that its validity is to be tested by the considerations that are applicable to statutes that purport to be curative.   In cases where it would have been originally competent for the General Assembly to have authorized particular proceedings upon the part of a board or other official, the same source of power may ordinarily validate the proceedings; but unless the General Assembly had the power to have authorized the proceedings originally by an act that in its substance would have been of the same character as the curative act, then the curative act would be invalid.   *Walsh* v. *State, ex rel.,* 142 Ind. 357, 33 L. R. A. 392; *Schneck* v. *City of Jeffersonville,* 152 Ind. 204.

The act of February 7, 1899, was general in its character, and if it had contained an exception that excluded from its operation proceedings generally that were then pending, we take it that it would not have thereby lost its general character.   It can not, however, be contended with any show of reason that it would have been competent to have limited

said act so as to exclude from its operation proceedings to improve highways in Owen county, thereby legislating for Owen county in such particular. This is in substance what it was sought to do by the act of March 4, 1899. As the subject of the legislation falls within §22, of article 4, of the State Constitution, we hold that the proceedings could not be validated by any act that could properly be characterized as local or special.

The act of 1901 is also invalid. The attempts to validate the contract and the assessment of taxes to pay the bonds upon their maturity were abortive, because of the special and local character of the act; and as it is not to be presumed that the issue of bonds would have been declared validated by the General Assembly, had it been advised that there was no power to retire such bonds in the manner proposed, the entire act must be regarded as a nullity. *State, ex rel., v. Denny,* 118 Ind. 449, 475, 4 L. R. A. 65; *State, ex rel., v. Fox,* 158 Ind. 126, 56 L. R. A. 893.

It is proper to say that it is not claimed by counsel that any other legalizing act applies to this case, and therefore we have given no consideration to such acts.

Under the general statute concerning appeals from boards of commissioners, §7859 Burns 1901, there is a right of appeal from decisions of such boards that are judicial in their character. *Board, etc., v. Davis,* 136 Ind. 503, 22 L. R. A. 515; *Board, etc., v. Heaston,* 144 Ind. 583, 55 Am. St. 192; *Board, etc., v. Conner,* 155 Ind. 484. If, however, as said in the case last cited, "the decision is made in the exercise of merely administrative, ministerial or discretionary powers, no appeal lies therefrom unless the statute in express terms authorizes an appeal from such decision." We recognize the fact that in the establishment of gravel roads there are certain questions that confront boards of commissioners that are judicial in their character, but we think that ordering an assessment of taxes to meet the cost of such an improvement is in the nature of an administrative act,

and that therefore an appeal will not lie therefrom under said statute. If the law had provided that the township trustee should levy taxes to retire the bonds, there would have been no room for the claim that his act was judicial; and the fact that within the general framework of the legislation as to the duties of boards of commissioners in building gravel roads we find that they are given administrative duties, is no reason why such duties should be held to partake of the judicial character of their other duties in such connection. In ordering an assessment of taxes no question is involved as to the regularity of the proceeding, or as to whether the road should or should not be improved as prayed, because those matters have been presumptively determined by the proceedings of the board in advance of the order for the assessment, and therefore such order is simply one of administrative detail.

In view of the fact that the appellees could not have appealed from the order levying a special tax to pay the bonds, we think that they were entitled to the remedy of injunction. There was wanting an adequate remedy at law. It is unnecessary to decide whether the fact that the bonds were void gave a right to attack them by injunction, independent of any right of appeal. Whether the order for the issuing of bonds is also administrative in its general character is a question that has been argued, but inasmuch as appellants' counsel contend that under the statute the board is required, before ordering an issue of bonds, to hear evidence or make inquiry as to the assessed value of property in the township, and as to the extent of outstanding bonds,—matters that go to the root of the right to proceed,—we have deemed it best not to decide such question. It is enough to affirm concerning the bonds that the tribunal was prohibited from issuing them.

It is objected that the complaint proceeds on the theory that appellees were entitled to enjoin the issue of bonds on behalf of the taxpayers generally, and that their rights are

several. When bonds are void and open to the collateral attack of all, we think that any interested taxpayer is entitled to secure a decree prohibiting their negotiation.

Judgment affirmed.