OSANN ET AL. *v.* PURPORTED TOWN OF PORTAGE ET AL.

[Nos. 19,527, 19,528, 19,529. Filed October 30, 1961. Rehearing denied December 12, 1961. Transfer denied February 1, 1962.]

*S. J. Crumpacker,* and *Crumpacker, May, Beamer, Levy & Searer,* of South Bend, for appellants.

*George W. Douglas, Russell A. Nixon, James W. Chester, Douglas & Douglas, Chester, Clifford, Hoeppner & Houran,* all of Valparaiso, and *Baker & Daniels,* of Indianapolis, for appellees.

MYERS, J.—This appeal arises out of certain proceedings commenced before the Board of Commissioners of Porter County, Indiana, wherein the incorporation of two municipalities was demanded within the county. One was designated as the proposed town of Edgewater and the other as the proposed town of Portage. The Board of County Commissioners found fatal errors in the proceedings to incorporate the town of Edgewater and refused to take jurisdiction. The Board approved the petition to incorporate the town of Portage, ordered an election to be held, and thereafter, on June 15, 1959, declared the territory in question to be incorporated as the town of Portage, Indiana.

The petition on behalf of the town of Edgewater was filed by appellants, while that for the town of Portage was filed by appellees.

Three different appeals were taken by appellants to the Porter Circuit Court challenging the action of the Board. These were consolidated by the court on its own motion and tried without a jury. Findings and judgment were entered in favor of the action of the Board in rejecting the incorporation of the town of Edgewater and its action in approving the incorporation of the town of Portage. Appellants filed their motions for new trial, which were overruled, and this appeal followed.

Appellants' case herein is based upon the court's decision as to the incorporation of the town of Portage, and no argument is presented as to the rejection of the incorporation of the town of Edgewater.

The sole error presented in the assignment of errors is the overruling of the motions for new trial. These are three separate motions, filed by three separate groups of appellants, which are identical in language. They specify eight different grounds for new trial, seven of which are relied upon in this appeal. They may be divided into two groups, the first of which pertains to certain rulings of the court prior to trial, and the second of which pertains to whether the decision of the court was sustained by sufficient evidence, was contrary to law, and whether the court committed error in admitting certain exhibits in evidence.

The grounds alleged as error in the first group involve the overruling of a motion for continuance, the overruling of a motion for change of venue from the county, the overruling of a motion for reconsideration, and the order consolidating the causes for trial.

The principal points relied on as error in the second group pertain to the regularity of the proceedings and steps taken in the incorporation of the town. It is

claimed that the survey and map, the census taken of the resident population, the notice of application to incorporate, the petition for incorporation, the hearing before the Board of County Commissioners, the referendum on the question of incorporation, the written approval by the Porter County Plan Commission and by the Valparaiso City Plan Commission, were all irregular and improper and do not meet the requirements of the pertinent statutes then in existence applying to the organization of towns.

We have carefully examined the briefs on behalf of all the parties herein and have come to the conclusion that the court did not commit error in overruling the motions referred to above or in consolidating the cases for trial. After careful consideration of the evidence presented in the record, we are of the opinion that the procedures outlined in the statutes then in existence were substantially complied with in the incorporation of the town of Portage.

However, we do not set forth our reasoning in detail as to each question presented by appellants because of a controlling fact that took place after the trial of these causes and during the pendency of this appeal which makes it unnecessary for us to do so.

The trial took place during the month of February, 1960, and judgment was rendered on March 17, 1960. The transcript and assignment of errors were filed with the Clerk of this Court on November 28, 1960. Thereafter appellants and appellees duly filed their briefs, appellants' reply brief being filed on March 23, 1961. Meantime, on the 5th of January, 1961, the Indiana General Assembly met at its Ninety-Second Regular Session. During this Session an act was passed, approved on March 3, 1961, and took effect immediately, which reads as follows:

"AN ACT to legalize the incorporation, laws and official acts of its officers, ordinances, resolutions, minutes, and proceedings of the several town Boards of the Town of Portage, Porter County, Indiana, and declaring an emergency.

"Be it enacted by the General Assembly of the State of Indiana:

"SECTION 1. All steps taken and all acts done in and about the incorporation of the Town of Portage in Porter County, Indiana, be and the same are hereby legalized and declared to be legal and valid, and all elections of officers of said town, and all official acts, ordinances, resolutions, minutes, and proceedings of the several board of trustees of said town are hereby declared to be legal and valid.

"SEC. 2. Whereas an emergency exists for the immediate taking effect of this act, the same shall be in full force and effect from and after its passage."

Acts 1961, Chapter 17, Page 43.

This is a curative statute, and it is settled law that such statutes may cure defects and irregularities in proceedings even though the defects and irregularities are so flagrant as to render the proceedings null and void. *Johnson* v. *The Board of Commissioners of Wells County et al.* (1886), 107 Ind. 15, 8 N. E. 1. This last-cited case held that there was no inhibition in the Constitution against the passage of retrospective statutes, with the qualification that such statutes would not be upheld if vested rights were materially interfered with or overthrown, or if new burdens were imposed, or the judicial department of government was infringed. The court said (at pages 19, 20 of 107 Ind., at page 3 of 8 N. E.) :

"The general and better rule is, that curative statutes will not be sustained as legalizing proceedings had without jurisdiction over the subject-matter, or the person, and where there was an entire lack of power on the part of the court, body

or officer, whose proceedings are sought to be legal-
ized."

The record of the case at bar reveals no violation
of fundamental rights of appellants. The Board of
Commissioners herein had jurisdiction over the
subject-matter and the persons involved. Thus,
we find there is no question that the passage
of this statute unconstitutionally deprived appellants
of any of their fundamental rights.

In the case of *Stembel* v. *Bell* (1903), 161 Ind. 323,
68 N. E. 589, a situation was presented involving the
incorporation of the town of Oxford, Indiana. The
Indiana General Assembly, at its Regular Session in
1903, passed an act identical with the one passed in
1961 only it pertained to the town of Oxford. The
facts and circumstances of the *Stembel* case are very
similar to the ones under consideration here. Proceed-
ings to incorporate the town of Oxford were commenced
in 1900. The appellants therein objected to the incorpo-
ration before the Board of County Commissioners,
claiming that the proceedings followed were irregular.
Although the opinion does not recite any exact dates
concerning the appeal from the order of the Board of
County Commissioners, approving incorporation, to the
circuit court and its judgment therein, or the date when
the appeal was taken to the Indiana Supreme Court,
it may be assumed that all of this took place during the
years 1901, 1902 and 1903. In other words, litigation
over the incorporation of the town of Oxford was pend-
ing when the General Assembly met in 1903 and passed
the curative statute. It must be noted that the opinion
of the Supreme Court was handed down October 27,
1903. In its opinion, the court said as follows (pages
327, 328 of 161 Ind., page 591 of 68 N. E.) :

"3. This appeal must fail for another reason. At the legislative session of 1903, a curative act was passed in these words: 'An act to legalize the incorporation, laws and official acts of its officers, ordinances, resolutions, minutes and proceedings of the several town boards of the town of Oxford, Benton county, Indiana, and declaring an emergency. Section 1. Be it enacted by the General Assembly of the State of Indiana, that all steps taken and all acts done in and about the incorporation of the town of Oxford, in Benton county, Indiana, be and the same are hereby legalized and declared to be legal and valid, and all elections of officers of said town and all official acts, ordinances, resolutions, minutes and proceedings of the several boards of trustees of said town are hereby declared to be legal and valid. Section 2. Whereas an emergency exists for the immediate taking effect of this act, therefore the same shall be in full force and effect from and after its passage.' Acts 1903, p. 333. The steps taken and acts done in and about the incorporation of the town of Oxford were not jurisdictional infirmities, but were matters of detail that might have been dispensed with by the legislature by a former statute, and are within the ratification and curative powers of the lawmaking body. *Strosser* v. *City of Ft. Wayne*, 100 Ind. 443, 454; *Johnson* v. *Board, etc.*, 107 Ind. 15; *Schneck* v. *City of Jeffersonville*, 152 Ind. 204."

We find that the statute approved March 3, 1961, has cured any and all irregularities, if such existed, in the proceedings to incorporate the town of Portage. We further find that there were no violations of any basic rights of appellants herein which would render the statute unconstitutional. There being no question but that this statute is constitutional of itself, we adhere to the holding in the *Stembel* case and affirm the judgment of the trial court.

Judgment affirmed.

Ryan, P. J., and Ax and Cooper, JJ., concur.

NOTE.—Reported in 177 N. E. 2d 666.