THORPE ET AL. *v.* KING ET AL.

[No. 30,899. Filed December 22, 1966. Rehearing granted June 13, 1967.]

ARTERBURN, C. J.—There being only four judges as members of this Supreme Court at the present time since the recent resignation of Achor, J., Myers and Rakestraw, JJ. are of the opinion that the decision of the trial court should be affirmed, while Arterburn, C. J. and Jackson, J. are of the opinion that the decision of the trial court should be reversed and the appellant granted a new trial.

The four judges participating being equally divided at the last term of court (Achor, J. not then participating), and being still equally divided at this term, the judgment of the trial court is affirmed without costs.

Acts 1881 (Spec. Sess.) ch. 38, § 654, p. 240, being Burns' Ind. Stat. Anno. § 2-3232 (1946 Repl.).

The separate opinions covering the material points in issue arising from this appeal are as follows:

SEPARATE OPINION.

RAKESTRAW, J.—This is an appeal from a judgment denying an injunction against the officials of the Town of Cedar Lake, Indiana, in which it was sought to have them enjoined from taking any action as such officials of said town. In the action, the appellant, Straley Thorpe, was the principal plaintiff and the principal witness in addition to being the attorney for the plaintiffs.

A petition to incorporate the Town of Cedar Lake was filed under Acts 1959, ch. 240, §§ 1-8, 10, p. 570, being §§ 48-101—48-109, Burns' 1963 Replacement. After the petition had been filed with the Commissioners of Lake County, a public hearing was set, and petitioners attempted to send notice by certified mail as provided by § 48-106. Apparently through some irregularity in handling by postal employees, an undetermined number of the residents of the area did not get their notice by certified mail. The appellants appeared before the Commissioners and filed a "Petition of Remonstrators to Reject, Overrule and Dismiss the Petition to Incorporate the Town of Cedar Lake, Indiana." In this petition, they set forth the irregularity in the mailing of notice along with certain other alleged irregularities. However, on September 21, 1964, the County Commissioners proceeded to adopt an ordinance incorporating the Town of Cedar Lake.

The appellants then filed an action in the Lake County Superior Court appealing the incorporation of the Town of Cedar Lake. On January 22, 1965, the court entered a judgment that the Board of County Commissioners of Lake County, Indiana, had acted erroneously in granting the petition to incorporate because of the defect of notice by certified mail. The court declared the ordinance incorporating the Town of Cedar Lake to be void.

Subsequently, the General Assembly passed a bill to legalize the incorporation. Chapter 283, page 779, of the Acts of 1965 reads as follows:

"All steps taken and all acts done in and about the incorporation of the Town of Cedar Lake in Lake County, Indiana, are deemed sufficient to incorporate the town, and the act of the Board of Commissioners of Lake County in incorporating the Town of Cedar Lake, be and the same are hereby legalized and declared to be legal and valid."

After the above act was passed and signed by the Governor, the appellants filed the action below in the Lake Superior

Court. That court entered a judgment denying an injunction on the ground that the curative act set forth above cured the defects in the incorporation. On appeal, the appellant urges that the judgment of the trial court was contrary to law in that the curative act was unconstitutional.

The appellants first argue that the provisions of Burns' § 48-106, *supra*, which require that notice be given by certified mail to residents is "jurisdictional"; and that since such notice was not given by certified mail as required, the County Commissioners had no "jurisdiction" over the persons of such residents. They further argue that since the County Commissioners had no such jurisdiction, it was beyond the power of the legislature to cure the defect by passing a curative statute. The appellants attempt to have the Board of County Commissioners considered as a court and to apply the concept of jurisdiction of the person in the same manner as it would be applied in a civil action between adverse parties.

In this, the appellants are in error. It has generally been considered that the creation of cities and towns or the alteration of the boundaries of cities and towns are legislative functions subject to control by the legislature. The individual or property owner does not have a vested interest in the maintenance of any particular taxing unit. *Woerner, etc.* v. *City of Indianapolis* (1961), 242 Ind. 253, 177 N. E. 2d 34; *Hodges* v. *Snyder* (1923), 261 U. S. 600, 43 S. Ct. 435, 67 L. Ed. 819; *Holen* v. *Minneapolis-St. Paul Metropolitan A. Com'n.* (1957), 250 Minn. 130, 84 N. W. 2d 282; *Taggart, Auditor, et al.* v. *Claypool* (1896), 145 Ind. 590, 44 N. E. 18. It has often been held that there is no constitutional right to notice in cases involving the creation of municipal corporations or enlargement of the boundaries thereof. *Territory* v. *Town of Jerome* (1901), 7 Ariz. 320, 64 P. 417; *People* v. *Town of Ontario* (1906), 148 Cal. 625, 84 P. 205; *State* v. *Lichte* (1910), 226 Mo. 273, 126 S. W. 466; *People* v. *Cardiff Irr. Dist.* (1921), 51 Cal. App. 307, 197 P. 384; *Firestone Tire & Rubber Co.* v.

*Board of Supervisors* (1958), 166 Cal. App. 2d 519, 333 P. 2d 378; cert. den. 361 U. S. 9, 80 S. Ct. 58, 4 L. Ed. 2d 49; *Kriz* v. *Klingensmith* (1964), 176 Neb. 205, 125 N. W. 2d 674.

It is clear that the constitution does not require that notice be given by certified mail. It was within the authority of the legislature to decide what notice should be given. And it has long been settled that the legislature may, by subsequent statute, correct any omission or irregularity in a proceeding, when the legislature might have dispensed with it by prior statute. *Martin* v. *Ben Davis Conservancy Dist.* (1958), 238 Ind. 502, 153 N. E. 2d 125; *State ex rel. Harris, etc.* v. *Mutschler, et al.* (1953), 232 Ind. 580, 115 N. E. 2d 206; *Dreves* v. *Oslo School Twp. of Elkhart* (1940), 217 Ind. 388, 28 N. E. 2d 252; *Follett* v. *Sheldon, Treas.* (1924), 195 Ind. 510, 144 N. E. 867; *Seitz* v. *Mosier* (1922), 192 Ind. 416, 136 N. E. 840; *Board, etc.* v. *Spangler* (1902), 159 Ind. 575, 65 N. E. 743; *Schneck* v. *City of Jefferson* (1898), 152 Ind. 204, 52 N. E. 212; *Johnson* v. *The Board of Commissioners of Wells County et al.* (1886), 107 Ind. 15, 8 N. E. 1.

For their position the appellants rely heavily upon *Strosser* v. *The City of Fort Wayne* (1885), 100 Ind. 443. There is language in that case to the effect that where notice is required by a statute, the absence of such notice is jurisdictional and such defect cannot be cured by a curative statute. However, this language was not necessary to the decision since in that case the common council was attempting to exercise authority given by statute to the county commissioners. Moreover, it is contrary to all later authority in this field and to logic. In the use of such language the court failed to make the well recognized distinction between public and private rights.[1] To the extent that the language of that case is inconsistent with this opinion, it is expressly disapproved.

---

1. See: Hodges v. Snyder (1923), 261 U. S. 600, 43 S. Ct. 435, 67 L. Ed. 819; Holen v. Minneapolis-St. Paul Metropolitan A. Com'n (1957), 250 Minn. 130, 84 N. W. 2d 282 (and cited cases).

The appellants next urge that the curative statute is unconstitutional in that it overturns the judgment of the Lake Superior Court declaring the ordinance of incorporation to be void.

It is unquestioned that it is beyond the power of the legislature to directly interfere with a court judgment. However, this does not mean that the legislature cannot act retroactively after a controversy has been decided by a court.

Statutes may be retrospective in nature unless they impair contract rights or other private rights. Indiana Constitution Art. 1, § 24; 16A C.J.S. Constitutional Law § 418; *County Dept. of Pub. Welfare* v. *Potthoff* (1942), 220 Ind. 574, 44 N. E. 2d 494; *Johnson* v. *The Board of Commissioners of Wells County et al., supra.* The fact that a court may have declared the law previous to the passage of a restrospective statute does not affect the authority of the legislature to enact such restrospective statute. The enactment of such a statute may constitutionally make inapplicable a judgment of a court where no contract rights or other private rights are involved. Thus it has been held that curative statutes may cure the invalid organization or creation of municipalities, even after an adjudication by a court that a corporation has no legal existence. *Hodges* v. *Snyder, supra, Osann* v. *Purported Town of Portage* (1961), 132 Ind. App. 695, 177 N. E. 2d 666, trans. den.; *Edmunds, Treasurer of the City of Terre Haute* v. *Gookins and Others* (1865), 24 Ind. 169; 62 C.J.S. Municipal Corporations § 31.

Finally the appellants maintain that the curative act passed by the legislature was an attempt to create a municipal corporation by special act in violation of the constitutional prohibition against special legislation.

It has long been settled that curative acts are not within the constitutional prohibition against special legislation. *State ex rel. Harris, etc.* v. *Mutschler, et al., supra; Yelton* v. *Plantz*

(1950), 228 Ind. 79, 89 N. E. 2d 540; 50 Am. Jur. Statutes § 61, n. 1.

Curative statutes similar to that involved in this case have been held to be constitutional and to effectively remedy defects of procedure in the creation of municipal corporations. *Stembel* v. *Bell* (1903), 161 Ind. 323, 68 N. E. 589; *Osann* v. *Purported Town of Portage, supra.* In our opinion, the curative statute in this case was sufficient to remedy the defect of procedure upon which the appellants rely.

The judgment of the trial court is therefore affirmed.

Myers, J., concurs.

### SEPARATE OPINION.

ARTERBURN, C. J.—This is an appeal from a judgment which denied an injunction against the officials of the alleged Town of Cedar Lake, Indiana to prevent them from performing any acts as officials of said town. A petition to incorporate the Town of Cedar Lake was filed under Burns' Ind. Stat. Anno. §§ 48-101 to 48-109 (1963 Supp.), but it appears in the suit for an injunction on which this appeal is based that the petitioners failed to give notice by certified mail, as provided by the statute. Nevertheless, the county commissioners proceeded to adopt an ordinance incorporating the Town of Cedar Lake. The appellants herein then procured a judgment in the Lake County Superior Court, holding that the ordinance purporting to incorporate the Town of Cedar Lake was void. Thereafter, the General Assembly (Acts 1965, ch. 283, § 1, p. 779) enacted the following law:

"All steps taken and all acts done in and about the incorporation of the Town of Cedar Lake in Lake County, Indiana, are deemed sufficient to incorporate the town, and the act of the Board of Commissioners of Lake County in incorporating the Town of Cedar Lake, be and the same are hereby legalized and declared to be legal and valid."

The appellants here urge that the above act is unconstitutional, and the judgment of the trial court denying an injunction based on the alleged curative act, is error.

· With the contention of the appellants I must agree. First, the Constitution of Indiana provides that all acts of the legislature must be general in nature and not special where a general law can be made applicable. Indiana Const., Art. 4, § 23.

A general law could have been made applicable in this case and it could have been made effective only prospectively as to new attempts to incorporate. However, the legislature did not do that. It enacted a retroactive measure, special in nature. The act passed was applicable by its very wording only to the purported incorporation of the "Town of Cedar Lake in Lake County." I agree that the legislature may pass acts to correct defects in some procedure where the legislature could have originally eliminated such procedural provision, and the acts would still have been valid.

*Yelton* v. *Plantz* (1949), 228 Ind. 79, 89 N. E. 2d 540 holds that notice to bidders could have originally been dispensed with by the legislature. Therefore, it could, by a curative act, validate a procedure which had failed to give such notice. The notice in that case was not of the same character as in this case, which the statute provides must be given to private individuals to be affected personally by the incorporation of the Town of Cedar Lake. By such incorporation a taxing unit is created and the individuals are privately affected and the notices, in my opinion, are jurisdictional in character. This Court stated in *Strosser* v. *The City of Fort Wayne* (1884), 100 Ind. 443, 456, 457:

> ". . . When the right to entertain jurisdiction of the subject-matter depends upon notice, a curative statute can not make good proceedings taken without any notice at all.
> * * * * * * * * * * * * * *
> "The question in this case is, not as to the power of the Legislature over a public corporation, but as to its power

over the rights of the citizen. The question is not whether the curative act of 1879 is valid so far as it affects the city, but whether it can change the substantial rights of a private citizen. That act can not be allowed to take from the citizens rights vested in them prior to its passage, and can not, therefore, be deemed to validate such a proceeding as that taken by the city in this case. Irregularities and defects in annexation proceedings it may remedy, but it can not make valid an order of annexation made by one tribunal in a case where another had exclusive jurisdiction and where notice to the property owners was required."

A judgment of a court holding parties were entitled to notice cannot be wiped out by an act of the legislature providing for retroactive application under the guise of a curative statute special in character.

In *State ex rel. Harris, etc.* v. *Mutschler, et al.* (1953), 232 Ind. 580, 115 N. E. 2d 206, the curative statute involved was general in nature and no prior adjudication by a court was nullified thereby. In *Dreves* v. *Oslo Twp. of Elkhart* (1940), 217 Ind. 388, 28 N. E. 2d 252 the curative statute was general in scope, and *Edmunds, Treasurer of the City of Terre Haute* v. *Gookins and Others* (1865), 24 Ind. 169 states that curative statutes of a general nature are constitutional.

I find no law in the State of Indiana which supports the proposition that a special curative statute may be retroactive in effect to the extent of setting aside a judgment of a court which holds that the procedure taken under such statute is void.

Normally, retrospective application of a statute is to be avoided. Legislation normally should be prospective in its effective application. A retrospective application should never be upheld where its application will be unjust.

*Ex post facto* laws are forbidden under the United States Constitution as to criminal acts. Certainly we should hesitate to recognize them even in civil matters, particularly if injustices result. In this case it is sought not only to make the law

which is special in nature retroactive, but also retroactive to the extent that it nullifies a court judgment which held the attempted incorporation of the Town of Cedar Lake void.

I cannot agree that the legislature, by special and retroactive legislation, may nullify a court decision. To me, this is a clear-cut case of the legislature stepping over into the judicial department of government and declaring the actions of a court null and void through retroactive special legislation. Whether this affects public or private interests, the constitutional principle violated is the same. I am not sure that this is entirely a public interest, devoid of private interests. The creation of a taxing unit which vitally affects the persons therein has an important private property interest involved.

I would reverse the trial court and hold the attempted curative act unconstitutional.

Jackson, J., concurs.

NOTE.—Reported in 221 N. E. 2d 895.