

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 6, 1939

Hon. Chas. R. Martin
County Auditor
Harrison County
Marshall, Texas

Dear Sir:

Opinion No. 0-18
Re: Are H. B. 410, Reg Session, 45th
Leg., and S. B. 9 and S. B. 10,
2nd C. S., 45th Leg. constitution-
al? If any of these bills are un-
constitutional, is it mandatory on
the Commissioners' Court to re-
cover any funds paid under their
provisions?

Your request for an opinion on the above stated
questions has been received by this office.

House Bill No. 410, Acts of the 45th Legislature
amends Article 5221b-23; Senate Bill No. 9 amends Article
2373a-1, and Senate Bill No. 10 amends Article 3902 by
adding Section 3a, both bills passed by the 45th Legisla-
ture, Second Called Session.

This Department has recently rendered an opin-
ion holding Section 3a, Article 3902 unconstitutional.
We enclose herewith a copy of this opinion which answers
your question as it pertains to Senate Bill No. 10, Acts
of the 45th Legislature, Second Called Session.

Article 5221b-23 provides among other things
for the appointment of case workers and investigators in
certain counties to distribute aid under the Texas Relief
Commission and provides for the salaries of case workers
and investigators. Sections 4 and 4a of this Act read

as follows:

"Section 4. This act shall be in force
and effect for a period of two years from and
after the date of its enactment."

"Section 4a. Provides that the provisions
of this act whall apply to counties with a
population of not less than 48,900 and not more than
48,975 and counties with a population of not
less than 10,370 and not more than 10,380, ac-
cording to the last preceding Federal census."

Section 1 of Article 2372e-1 reads as follows:

"The County Commissioners' Courts and
the City Commission of any incorporated town
within said County of this State are hereby
authorized to lease or rent office space for
the purpose of aiding and cooperating with
the agencies of the State and Federal Govern-
ments engaged in the administration of relief
of the unemployed and needy people of the
State of Texas, and to pay the regular monthly
utility bills for such offices, such as lights,
gas and water; and when in the opinion of a
majority of the Commissioners' Court of a
county such office space is essential to the
proper administration of such agencies of
either the State or Federal Governments, said
Courts are hereby specifically authorized to
pay for same and for the regular monthly util-
ity bills for such offices out of the County's
General Fund by warrant as in the payment of
other obligations of the County. The provi-
sions of this Act shall apply to counties hav-
ing a population of not less than forty-eight
thousand nine hundred and not more than forty-
nine thousand according to the last preceding
Federal Census."

According to the last Federal census, Harrison
County had a population of 48,937, thus falling within
the terms and provisions of Articles 5221b-23 and 2372e-1
and being the only county in the State coming within the

population brackets set forth in the abovementioned statutes except wherein the last class of Section 4a, Article 5221b-23, supra, provides that:

"In counties with a population of not less than 10,370 and not more than 10,380, according to the last preceding Federal census."

We are shown by the last Federal census, Marion County had a population of 10,371 inhabitants, being the only county in the State coming within the population bracket set out in the last clause of Section 4a, Article 5221b-23.

We believe that Article 5221b-23 designates by description Harrison and Marion Counties, which is just as effective had such counties been specifically mentioned by name in the statute and that the application of this act is so inflexibly fixed as to prevent it ever being applicable to other counties, the same being true with reference to Article 2372e-1 insofar as it applied only to Harrison County at the time it went into effect.

Section 56, Article 3 of the State Constitution reads in part as follows:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special laws, authorizing.... regulating the affairs of counties, cities, towns, wards or school districts....and in all other cases where a general law can be made applicable, no local or special law shall be enacted; provided, that nothing herein contained shall be construed to prohibit the Legislature from passing special laws for the preservation of game and fish of this State in certain localities."

In the case, Gray vs. Taylor, 227 U. S. 51, the Supreme Court of the United States defined a local law as:

"The phrase 'local law' means primarily, at least, a law in fact, if not in form, is directed only to a specific spot."

The case, City of Fort Worth vs. Bobbitt, 36 SW (2nd) 470, holds among other things, that:

"An act applicable to counties having a population of from 35,190 to 35,200 was evasive and special, citing Hixson vs. Burson, 54 Ohio State 470; Owen County Commissioners vs. Spangler, 159 Ind. 575, and that an act authorizing bonds by cities having between 106,000 and 110,000 inhabitants by 1920 census being applicable only to one city held local law within constitutional provision." Constitution Article 3, Section 56.

The case, Bexar County vs. Tyman et al, 97 SW (2nd) 567, holds in effect, that:

"Courts in determining whether law is public, general, special or local will look to its substance and practical operation rather than to its title, form, phraseology since otherwise prohibition and fundamental law against special legislation would be nugatory. The Legislature may classify counties on basis of population for purpose of fixing compensation of county and precinct officers but classification must be based on real distinction and must not be arbitrarily devised to give what is, in substance, a local or special law the form of general law. Acts reducing salaries of officers in counties of 290,000 and less than 310,000 population held unreasonable and arbitrary in its classification and void as a special law."

We believe that whether the acts in question are to be regarded as special and whether their operation is uniform throughout the State depends upon whether the population affords a fair basis for the classification of counties with reference to matters to which they relate and whether the result they accomplish is in fact a real classification upon that basis and not a designation of a single county to which alone they shall apply under the guise of

such classification. The laws in question were so drawn that they are general in form but in fact only applied, at the time they went into effect, to Harrison County with the exception above stated relative to Marion County.

You further inquire, if any of the abovementioned statutes are unconstitutional, is the Commissioners' Court authorized and is it mandatory on it to collect and recover from the various persons the amounts of funds paid to them under and by virtue of the above stated statutes.

The case, Sessums vs. Botts, 34 Tex. 335, holds in effect that an unconstitutional act regulating the collection of debts protected clerks of courts acting under it.

The Supreme Court of the United States in the case of United States vs. Realty Company, 163 U. S. 427, 41 U. S. (L. Ed.) 215 held knowledge of the invalidity of an act of Congress will not be imputed, in advance of any authoritative declaration to that effect, to those who are acting under its provisions, so as to preclude them from having equities based on their reliance upon the act.

> "An officer who, without authority of law, collects taxes or excessive fees may be compelled to reimburse the persons from whom the money was received. But fees paid voluntarily and with full knowledge of the facts, though under a mistake of law, cannot, under settled principles, be recovered."
> (34 Tex. Jur. 476; 32 Tex. Jur., 739; Hirshfield vs. Ft. Worth Natl. Bank. 83 Tex. 452, 18 SE 743; County of Galveston vs. Gorham, 49 Tex. 279, 303; City of Houston vs. Feeser, 76 Tex. 265, 13 SW 266.)

You are respectfully advised that it is the opinion of this Department that Article 2372e-1 and Article 5221b-23 are special laws and, therefore, are unconstitutional and void and you are further advised that the Commissioners' Court is not authorized to collect and

Hon. Chas. R. Martin, March 6, 1939, Page 6


recover funds from the various persons, the amounts of funds paid to them under and by virtue of the abovementioned statutes.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:AW

ENCLOSURE

APPROVED:

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS
mph