HUTCHINS v. INCORPORATED TOWN OF FREMONT
ET AL.

[No. 24,096.  Filed January 8, 1924.]

1. MUNICIPAL CORPORATIONS.—Street Improvements.—Necessity
of.—Injunction.—The authority for determining the necessity
for street improvements in a town has been vested in the board
of trustees, and the courts cannot, by injunction, interfere with
the board's determination thereof.  p. 78.

2. CONSTITUTIONAL LAW.—Statute.—Validity of.—14th Amend-
ment.—The provision of §8711 Burns' Supp. 1921, Acts 1921
p. 324, authorizing the levying of an assessment against all
the lands and lots within the corporate limits of a town to pay
a part of the expense of a street improvement therein, without
regard to the benefits to be received by such lands and without
providing for any hearing as to whether said lands are bene-
fited to the extent of the assessment, does not violate the 14th
Amendment by taking the property of the landowners without
due process of law.  p. 79.

3. CONSTITUTIONAL LAW. — Public Improvements. — Property
Liable for.—Legislative Question.—The power to decide what

Hutchins *v.* Town of Fremont—194 Ind. 74.

property shall be taxed for a public improvement is a legislative power, and the courts have no right to review the decision of that question.    p. 80.

4.   CONSTITUTIONAL LAW.— *Public Improvements.— Apportionment of Expense.—Legislative Question.*—Where an assessment for the construction of a public improvement is levied on property that is of a class that is generally recognized as benefited by such improvements and is levied by a uniform and equal rate or standard, the apportionment thereof is for the Legislature and the courts cannot interfere unless the legislative discretion is clearly abused.    p. 81.

5.   CONSTITUTIONAL LAW.—*Public Improvements.—Benefits to Property.—Hearing Unnecessary.*—The Legislature has power to create a special taxing district for a public improvement and to charge the cost of such improvement, in whole or in part, upon the property in said district, either according to valuation or superficial area or frontage, without any hearing as to benefits.    p. 82.

6.   CONSTITUTIONAL LAW.—*Taking Property without Compensation.—Taxing Power.*—The constitutional prohibition against taking property without compensation in Article 1, §21, Constitution applies only to taking property in the exercise of the power of eminent domain, and not to the taking of property under the power of taxation, and the courts cannot declare a law which provides for levying a tax to be violative of this section of the Constitution because it might be shown that some one or more of the taxpayers within the taxing district would not be benefited to the amount of the tax.    p. 83.

7.   CONSTITUTIONAL LAW.— *Public Improvements.— Assessments for.—Statute.*—Section 8711 Burns' Supp. 1921, Acts 1921 p. 324, providing for the levying of assessments upon all the real estate of a town to pay for part of the cost of a street improvement, without limiting the assessment against specific property to the benefit from the improvement, is not violative of Article 1, §21, of the Constitution prohibiting the taking of property without compensation, as that provision of the Constitution refers to the exercise of the power of eminent domain and not to the exercise of the power of taxation, which is unlimited except as restrained by the Constitution.    p. 83.

8.   CONSTITUTIONAL LAW.—*Public Improvements.—Taxing District.—Benefits.*—In the exercise of the taxing power, the Legislature may create a special taxing district on which to assess the cost of all or a part of a public improvement, and, in doing so, may declare all or a part of the property within such district is benefited, either according to its value or in proportion to the actual benefit received, or by a combination

of both methods, where the improvement is of a character that
will justify it.   p. 85.

9.   CONSTITUTIONAL LAW.— *Taxation.— Uniform Rate.— Public
Improvements.*—Section 1 of article 10 of the State Constitu-
tion does not require assessments to pay for local improve-
ments to be levied equally on all property of every kind in
the taxing district, but only requires that there be uniformity
in making the levy on all property of the class the Legislature
has designated as benefited, and, if the assessment is uniform
according to some recognized standard, such as its value, area,
or frontage, the constitutional requirement is satisfied. (*McKee*
v. *Town of Pendleton*, 154 Ind. 652 distinguished.)   p. 85.

10.   CONSTITUTIONAL LAW.— *Municipal Indebtedness.— Limita-
tion.*—The indebtedness of a joint school district consisting of
a township and a town located therein is not the indebtedness
of the civil town within the meaning of the constitutional
limitation of municipal indebtedness by §1, article 13 of the
Constitution.   p. 86.

11.   CONSTITUTIONAL LAW.— *Municipal Indebtedness.— Limita-
tion.—Statute.*—The indebtedness created by a town entering
into a contract for the improvement of a street therein is not
the indebtedness of the town or of a joint school district con-
sisting of the town and the township in which it is located,
such indebtedness being payable only out of a special fund to
be raised from assessments on the property benefited and by
taxation on all the realty within the corporate limits, under
the provisions of §8711 Burns' Supp. 1921, Acts 1921 p. 324.
p. 86.

From Steuben Circuit Court; *Dan M. Link*, Judge.

Action by William Hutchins and others against the
trustees of the Incorporated Town of Fremont and
another to enjoin the defendants from paving certain
streets in said town.   From a judgment for defendants,
the plaintiffs appeal.   *Affirmed.*

*Maurice McClue* and *Alphonso C. Wood*, for appel-
lants.

*Best & Yotter* and *Bratton & Gleason*, for appellees.

GAUSE, J.—This was an action brought by the appel-
lants to enjoin the appellees, the town, the trustees of
the town, and the contractor, from paving certain
streets in the town of Fremont, and also asking that

the trustees of said town be enjoined from levying a tax or assessment upon the real estate of appellants, situated in said town, to pay for any part of such improvement.

The complaint was in two paragraphs. A demurrer of each of the appellees was sustained to each paragraph of the complaint. The appellants having refused to plead further, judgment was rendered against the appellants, and this appeal is prosecuted from such judgment. The appellants have assigned as error the action of the court in sustaining the demurrers to each paragraph of the complaint.

The board of trustees of the appellee town undertook to improve the two main streets of said town by paving the same, under §§8710 and 8711 Burns' Supp. 1921, being an amendatory act passed in 1921 (Acts 1921 p. 324).

Each paragraph of complaint alleges the passing of proper resolutions for such improvement, together with the giving of notice thereof; the filing of estimates by the engineer; the determination of said board that the abutting property along said streets would be benefited a designated amount, being less than the total cost thereof, and that, in the notice to bidders, said board gave notice that the cost of such improvement in excess of the amount of benefits to the abutting property would be paid out of the general fund of said town in cash, if said town was able to do so, and that if said town was not able to pay the balance of said cost in cash out of the general fund, the remaining part would be paid from a fund raised by an assessment against all the lands and lots situated in said town.

The complaint does not allege that appellants own land abutting upon said streets, but does aver that they own lands within said town; that said town does not have sufficient money in its general fund to pay for

the balance of the cost of such improvement above the amount assessed against the abutting property, and that appellants' real estate in said town and not abutting upon said streets will be assessed for a part of the cost of construction. It is then alleged that their said lands will not be benefited by such improvement to the extent of the proposed assessments.

It is alleged that so much of said act of 1921 (§8711 Burns' Supp. 1921, *supra*) as provides for an assessment to be levied upon all the lands and lots in said town, to pay for a part of said construction, is invalid in that it violates the 14th Amendment to the Constitution of the United States, and Art. 1, §21, and Art. 10, §1, of the Constitution of Indiana.

There are also many allegations in the complaint which are in the nature of arguments as to why the improvements proposed should not be constructed, such as that it will necessitate a high tax rate and that the town will not have sufficient money left to keep its other streets in repair.

The parts of the complaint seeking to question the necessity for or wisdom of the improvements will be passed with the remark that these are matters which the legislature has left to the judgment of the board of trustees, and courts cannot, by injunction, interfere with the board's determination thereof. *Cason* v. *City of Lebanon* (1899), 153 Ind. 567.

The appellants do not point out nor discuss in their brief wherein the proceedings of the board of trustees fail to comply with the provisions of the statute governing the same, but, in fact, the complaint discloses that such statute was complied with, and if it is a valid law, then the appellants have not stated a cause of action.

Appellants first contend that the act in question vio-

lates the 14th Amendment to the Federal Constitution because it authorizes an assessment to be levied

2.   against all the real estate of the town without regard to the benefits to be received, and without providing for any hearing as to whether the said lands are benefited to the extent of the assessment.   Appellants contend that by this statute they will be deprived of their property without due process of law.

The principle contended for by appellants has been decided adversely to them many times, by both the Supreme Court of the United States and by this court. *French* v. *Barber Asphalt Paving Co.* (1901), 181 U. S. 324, 21 Sup. Ct. 625, 45 L. Ed. 879; *Webster* v. *Fargo* (1901), 181 U. S. 394, 21 Sup. Ct. 623, 45 L. Ed. 912; *Detroit* v. *Parker* (1901), 181 U. S. 399, 21 Sup. Ct. 624, 45 L. Ed. 917; *Voris* v. *Pittsburg Plate Glass Co.* (1904), 163 Ind. 599, and cases cited; *State, ex rel.,* v. *Board, etc.* (1908), 170 Ind. 595.

The substance of the holding in all of the above cases is that a statute which provides for the assessment of the cost of a public improvement upon property within a certain district which, in the opinion of the legislature, will be benefited thereby, is not violative of said 14th Amendment of U. S. Constitution, because it provides for the distribution of the cost according to the value of the property in the district, its area, or the front foot rule, without any hearing as to benefits.

In Elliott, Roads & Streets (3d ed.) §686, it is said: "The numerical weight of authority   *   *   *   is overwhelmingly in favor of the right of the legislature to determine what property shall be assessed and how the apportionment shall be made.   According to the rule generally laid down, no question can be litigated involving the decision of the legislature, or the local authorities upon whom the power to decide has been conferred, concerning the apportionment of the expense."

The power to decide what property shall be taxed for a public improvement is a legislative power

3. and the courts have no right to review the decision of that question.

In the case of *Spencer* v. *Merchant* (1888), 125 U. S. 345, 8 Sup. Ct. 921, 31 L. Ed. 763, Mr. Justice Gray, speaking for that court, said: "The legislature, in the exercise of its power of taxation, has the right to direct the whole or a part of the expense of a public improvement, such as the laying out, grading or repairing of a street, to be assessed upon the owners of lands benefited thereby; and the determination of the territorial district which should be taxed for a local improvement is within the province of legislative discretion." As to the objection that the law may be unjust or work a hardship upon some, the same case further says: "The power to tax may be exercised oppressively upon persons; but the responsibility of the legislature is not to the courts, but to the people by whom its members are elected."

Much space is devoted by appellants in their brief, to the proposition that the taxpayers, upon whom the burden of paying for a part of the proposed improvement will fall, will not be benefited to the extent of the tax that will be levied. This is an objection that is frequently urged against taxes levied for any purpose. Sometimes the objections appear well taken, but the courts have no right to review such questions, and if relief is to be obtained, it must be through the legislature where the constitution places the responsibility. See: *Byram* v. *Board, etc.* (1896), 145 Ind. 240, 33 L. R. A. 476; *State, ex rel.,* v. *Board, etc., supra; City of Springfield* v. *Green* (1887), 120 Ill. 269, 11 N. E. 261; *Payne* v. *South Springfield* (1896), 161 Ill. 285, 44 N. E. 105; *Sheley* v. *Detroit* (1881), 45 Mich. 431, 8 N. W. 52; *Norfolk City* v. *Ellis* (1875), 26 Gratt. (Va.)

224; *Davis* v. *City of Lynchburg* (1888), 84 Va. 861, 6 S. E. 230.

We should not be understood as holding that the legislature, under the guise of the taxing power, can so abuse its discretion as to levy an assessment, or

4. a special tax for an improvement, against property that clearly could not be benefited, or where it is apparent that the question of benefits is entirely disregarded; but where the assessment is levied upon property that is of the class that is generally recognized as benefited, and is levied by a uniform and equal rate or standard, then the apportionment thereof is for the legislature and the courts cannot interfere unless the legislative discretion is clearly abused. *Gilson* v. *Board, etc.* (1891), 128 Ind. 65, 75, 11 L. R. A. 835; *White* v. *People, ex rel.* (1880), 94 Ill. 604; *Payne* v. *South Springfield, supra; Raleigh* v. *Peace* (1892), 110 N. C. 32, 14 S. E. 521, 17 L. R. A. 330; *Allen* v. *Drew* (1872), 44 Vt. 174.

The statute in question is criticized because the appellants are not given an opportunity to be heard as to the amount of the levy to be assessed against their real estate that does not abut upon the streets to be improved.

In the case of *French* v. *Barber Asphalt Paving Co., supra,* it was said by the Supreme Court of the United States: "The precise wrong of which complaint is made appears to be that the land owners now assessed never had an opportunity to be heard as to the original apportionment, and find themselves now practically bound by it as between their lots and those of the owners who paid. But that objection becomes a criticism upon the action of the legislature and the process by which it determined the amount to be raised and the property to be assessed. Unless by special permission,

that is a hearing never granted in the process of taxation. The legislature determines expenditures and amounts to be raised for their payment, the whole discussion and all questions of prudence and propriety and justice being confided to its jurisdiction. It may err, but courts cannot review its discretion."

The same objection was urged to the statute known as the Barrett Law, which was the predecessor of the law under consideration. In the case of *Voris* v. *Pittsburg Plate Glass Co., supra,* it was claimed that said law was invalid as to assessments on back-lying real estate, because no notice or hearing was provided as to the owners of such back-lying land. In the above case it was held that the law was not invalid on that account, although no hearing for such owners was provided, and it was held that what had been said in the case of *Adams* v. *City of Shelbyville* (1900), 154 Ind. 467, 49 L. R. A. 797, 77 Am. St. 484, as to the necessity of a hearing was *obiter dicta.*

On account of some statements in the opinion, in the case of *Norwood* v. *Baker* (1898), 172 U. S. 269, 19 Sup. Ct. 187, 43 L. Ed. 443, some courts were led 5. to hold that a statute such as we are now considering would not be valid unless it provided for a determination of actual benefits and a hearing thereon. Later that opinion was explained by the Supreme Court of the United States as not going to this extent, in the cases of *Webster* v. *Fargo, supra,* and *French* v. *Barber Asphalt Paving Co., supra,* and it is now generally held that the legislature of a state has power to create special taxing districts, and to charge the cost of a local improvement, in whole or in part, upon the property in said district, either according to valuation or superficial area or frontage, without any hearing as to the benefits.

As to the contention that the proposed law is vio-

lative of Art. 1, §21, of the State Constitution, in that the provision for levying an assessment upon all 6, 7. the real estate in the town, to pay for a part of the cost of the improvement, without any determination as to the benefits, except as the legislature itself has determined that all such real estate is benefited and has authorized the local authorities to determine the amount thereof, is the taking of property without compensation, it should be borne in mind that the legislature in enacting a law such as is under consideration is not exercising the power of eminent domain, and is not taking the property of the landowners, in the sense that is referred to in said constitutional provision, but is exercising its power to tax. The courts cannot declare a law which provides for the levying of a tax to be in violation of this clause of the Constitution because it might be shown that some one or more of the taxpayers within the taxing district would not be benefited to the amount of the tax. *Diven* v. *Burlington Sav. Bank* (1907), 40 Ind. App. 678; Cooley, Taxation (3d ed.) 1181-1183; *Ray* v. *City of Jeffersonville* (1883), 90 Ind. 567, 574; *Voris* v. *Pittsburg Plate Glass Co., supra; City of Springfield* v. *Green, supra; Payne* v. *South Springfield, supra.*

On the proposition that the levying of an assessment for purposes of street and other public improvements is an exercise of a branch of the taxing power, and not the power of eminent domain, and for that reason is not the taking of property without compensation, and that the decision of the legislature thereon is binding upon the courts, see the following cases, in addition to those cited above: *Board, etc.,* v. *Harrell* (1897), 147 Ind. 500; *State, ex rel.,* v. *Board, etc., supra; Allman* v. *District of Columbia* (1894), 3 App. Cases (D. C.) 8; *Hackworth* v. *City of Ottumwa* (1901), 114 Iowa 467, 87 N. W. 424; *Meier* v. *St. Louis* (1904), 180 Mo.

391, 79 S. W. 955; *Chicago, etc., R. Co.* v. *City of Janesville* (1908), 137 Wis. 7, 118 N. W. 182, 28 L. R. A. (N. S.) 1124 and note; *Taylor* v. *Palmer* (1866), 31 Cal. 240; *Denver* v. *Knowles* (1892), 17 Colo. 204, 30 Pac. 1041, 17 L. R. A. 135; *Chicago, etc., R. Co.* v. *Joliet* (1894), 153 Ill. 649, 39 N. E. 1077.

In the case of *Board, etc.,* v. *Harrell, supra,* this court said: "The power of the legislature in matters of taxation is unlimited except as restricted by the constitution. The legislature, in the exercise of this power in making local improvements, may create a special taxing district without regard to the boundaries of counties, townships or municipalities. * * * For the purpose of making such improvement, the legislature may levy a tax upon all or a part of the property in such district by a uniform rule according to its value, or may charge the cost thereof to the property in such district according to what is known as the 'front foot' rule, thus determining in advance what property is benefited, or it may delegate to a subordinate agency the power to ascertain and report the benefit, if any, to the different tracts of real estate within such district. In other words, the *legislature may declare that all or a portion of the property within such district is benefited, either according to its value* or in proportion to its actual benefit to be determined by the legislature itself or by persons selected for that purpose." (Our italics.)

In this state (and the same is true in many others), it has been the practice frequently employed, since early in the state's history, to adopt the method of fixing a uniform assessment upon certain property in a designated district, for the purpose of paying for at least a part of highway and street improvements, while as to ditches, where the benefit is largely confined to the land drained, the plan generally followed by the legislature

is to provide for the assessment of all the cost according to actual benefits received.

It is competent for the legislature to adopt either or both methods, where the improvement is of the character that will justify it. In the statute under consideration, both methods have been adopted.

8.

The actual benefits to the adjacent property is first determined by the board, then the balance of the cost, in addition to what the town pays out of its general fund, is assessed against all the real estate within a designated taxing district, namely, the corporate limits of the town, which the legislature has determined will be benefited by the improvement.

It is urged that the statute under consideration violates Art. 10, §1 of the State Constitution, which provides for a uniform and equal rate of assessment and taxation. This question also has repeatedly been decided adversely to appellants' contention by this court. It is held that this provision of our Constitution does not require assessments to pay for local improvements to be levied equally upon all property of every kind in the taxing district, but only requires that there be uniformity in making the levy upon all property of the class the legislature has designated as benefited. That is, if the legislature has determined that *only the real estate* in a given district is benefited, then if the assessment is uniform according to some recognized standard, such as its value, area, or frontage, the constitutional requirement is satisfied. On this, see: *Anderson* v. *Kerns Draining Co.* (1860), 14 Ind. 199, 77 Am. Dec. 63; *Goodrich* v. *Winchester, etc., Turnpike Co.* (1866), 26 Ind. 119; *Palmer* v. *Stumph* (1868), 29 Ind. 329; *Law* v. *Madison, etc., Turnpike Co.* (1868), 30 Ind. 77; *Gilson* v. *Board, etc., supra.*

In the case of *Goodrich* v. *Winchester, etc., Turn-*

*pike Co.*, *supra*, the court held valid and not violative of any constitutional provision, a law which levied a tax upon all real estate within three-fourths of a mile of a proposed road, to pay for its construction.

Appellants cite frequently in their brief and seem to rely upon the case of *McKee* v. *Town of Pendleton* (1900), 154 Ind. 652. In that case, a complaint was held good which did not show that the defendants were attempting to comply with any law in force relating to street improvements, and because of general averments in the complaint that the town authorities were attempting to levy an assessment in excess of the benefits that a proposed improvement would confer, it was held that a cause of action was stated. Such is not the case here, where the complaint discloses that all the steps required by the statute have been complied with.

The complaint in the case at bar avers that the town of Fremont and the school township of Fremont are consolidated for school purposes. It is then alleged that such joint school district is indebted to the amount of $80,000, which it is alleged is four per cent. of the total assessed valuation of all the property of said joint school district. It is then alleged that the proposed levy for the improvement herein involved will cause said town to become indebted beyond its constitutional limit. It should be seen from a statement of this proposition that it is without any basis. The indebtedness of the joint school district is not the indebtedness of the town. Furthermore, the indebtedness created by entering into the contract for the construction of the improvement proposed, is not an indebtedness of either the town or the joint school district. *Board, etc.*, v. *Harrell, supra.*

No error was committed in sustaining the several demurrers to each paragraph of the complaint.

The judgment is affirmed.