BURTON ET AL. *v.* RYAN ET AL.

[No. 13,279. Filed February 13, 1929.]

*Harry W. Carpenter*, for appellants.

*W. W. Hottel, Elliott & Houston* and *Arthur McCart*, for appellees.

McMahan, P. J.—This is an action by Alda Ryan and Lillian R. Thomas against Clifton and Mary Burton, to have a deed from William E. Ryan and his wife, Alda Ryan, to Adam Burton declared a mortgage and for an accounting. The defendants filed a cross-complaint to quiet their title. There was a decree in favor of the plaintiffs, declaring the deed a mortgage, on which there was a balance of $4,659.84 due the defendants and giving the plaintiffs ninety days within which to pay, hence this appeal.

Appellants contend: (1) That the decision is not sustained by sufficient evidence; (2) that it is contrary to

law; and (3) that there was error in admitting certain evidence.

William E. Ryan and Alda Ryan, his wife, on January 29,-1918, executed a warranty deed to Adam Burton, now deceased, for the real estate in question. Concurrently with the execution of this deed, Burton and Ryan executed a written agreement providing that if within one year Ryan returned the $5,000, named as the consideration in the deed, with interest thereon, Burton would deed the property back to Ryan. The agreement, after referring to the execution of the deed from Ryan to Burton, reads as follows:

"That in the event that the said Wm. E. Ryan return the said $5,000 named as a consideration in said deed, to the said Burton, his heirs or assigns, within one year from this day, then the said Burton hereby agrees to deed said premises back to said Ryan. All taxes, insurance and other expenses to be kept up by the said Ryan. The said Ryan hereby agrees that the said Burton shall collect all rents and profits from said property and have charge and control of the same during the time this agreement is in force and effect, and the said Ryan hereby agrees to pay to said Burton, as interest on the said sum of $5,000, named as consideration in said deed, interest at the rate of 6 per cent. On full payment of the said sum of $5,000 and all interest due thereon all taxes and other costs and expenses paid to the said Burton by the said Ryan growing out of said contract, the said Burton at the end of one year from this date is to deed back said land and premises to the said Ryan, but in case of failure of the said Ryan to meet and comply with the said terms herein set out the said property and premises are to be and become the property and premises of the said Adam Burton. Dated and signed in duplicate 29th day of January, 1918. There is to be no change in building during the life of this contract."

In January, 1919, Burton, in writing, agreed to a four-months' extension of this contract, and by another writing he consented that it remain in force a reasonable time and until Ryan was given sixty-days' notice to the contrary.

A number of witnesses testified as to the value of the property when the deed was made. Those who testified for appellees said it was then worth from $9,000 to $14,000, while those testifying for appellants said it was worth from $5,000 to $6,000.

Appellants say all the circumstances surrounding the execution of the deed in question indicate it was a conditional sale and not a mortgage. In support of this statement, appellants point to what they say are significant circumstances, to wit: (1) That there was no written evidence of the alleged debt; (2) the adequacy of the cash consideration; (3) the lapse of time before appellees claimed a right to redeem the land; (4) the form of the deed; and (5) the lack of any binding obligation on the part of William E. Ryan.

The deed and the contract were executed concurrently as one instrument, and the provisions of both must be taken into consideration in arriving at the intention of the parties. The contract, after referring to the deed, states the terms of the conveyance, which we need not repeat.

It is appellant's contention that the two instruments must be construed as a conveyance to Burton, subject to a conditional right on the part of Ryan to buy the land back, and that all the interest Ryan had under the contract was an option to purchase the land.

If the parties understood and intended that the fee simple title should vest in Burton upon the delivery of the deed and that Ryan had no present interest in the land, why was Ryan required to pay the taxes, the insurance and other expenses? Why

was it necessary that the parties should agree that Burton should have charge and control of his own property and collect the rents? Why the provision that the premises were to become the property of Burton if Ryan failed to pay the $5,000 with interest within a year? It would seem that these provisions indicate the intention of the parties, when viewed in connection with the undisputed evidence, that Ryan borrowed $5,000 of Burton at the time the deed was made. The only reasonable inference to be drawn is that the deed was intended to be a mortgage. The court did not err in so finding.

Appellant's next contention is that appellees are barred by laches and estopped by their conduct from asserting that the deed is a mortgage. Three of the five witnesses for appellees, who testified on the question of the value, said the value in 1918 and at the time of the trial was about the same—$9,000 to $10,000. Of the six witnesses testifying for appellants on this subject, five said it was worth $6,000 and one said it was worth $5,000 in 1918. Three placed the value at the time of the trial at $8,000, one at $9,000 and one at $10,000.

"Laches" is defined to be an unreasonable delay; or the neglect to do at the proper time what by law or duty ought to be done; or the failure to prosecute a claim within a reasonable and proper period. What is laches in one case might not be laches in another case. The question of laches is one to be determined by the court in the exercise of its sound discretion. *Ryason* v. *Dunten* (1905), 164 Ind. 85, 73 N. E. 84; *Patterson* v. *State Bank, etc.* (1913), 55 Ind. App. 331, 102 N. E. 880. The decision of the trial court upon the subject is so much a question of discretion, dependent upon the evidence, that generally it will not be disturbed on appeal unless it is clearly against the evidence. See *Cabinet Makers Union* v. *City of Indianapolis* (1896),

145 Ind. 671, 44 N. E. 757; *Blickenstaff* v. *Cowgill* (1914), 58 Ind. App. 378, 106 N. E. 376.

William E. Ryan having conveyed the land to appellees, there was no error in the action of the court in allowing the contract whereby Burton agreed to reconvey the property to Ryan to be read in evidence. *Boyer* v. *Tressler* (1862), 18 Ind. 260, which is cited by appellants, is not in point.

The court did not err in overruling the motion for a new trial.

Judgment affirmed.