## BOARD OF COMMISSIONERS OF WELLS COUNTY ET AL. v. FALK.

[No. 27,772.   Filed March 23, 1943.   Rehearing denied April 21, 1943.]

378

*Sturgis, Stine & Sturgis,* of Bluffton, for appellants.

*Frank W. Gordon, John H. Edris,* and *W. H. Eichhorn,* all of Bluffton, for appellee.

O'MALLEY, J.—The appellee Jonathan Falk commenced this action in the Wells Circuit Court to quiet title to, and to enjoin appellants from enforcing drainage assessments upon one hundred sixty (160) acres of land located in Wells County, Indiana.

The appellee in his complaint alleged the ownership of said real estate above indicated and that in the year 1918 there was filed in the commissioners court of Wells County a petition for the tiling of a public drain in Wells County, Indiana, pursuant to § 1, ch. 65 of the Acts of 1913. That proceedings were had thereon and a finding and judgment were finally rendered in said proceeding declaring the drain established. That said drain was called the Delong drain and consisted of an open ditch with laterals, a tiled portion of the main

Delong drain, and a tiled prong known as the Markley prong, which was a continuation of the main tiled drain.

That said drain was constructed and the costs assessed against the land benefited, including the appellee's one hundred sixty (160) acres, and that said drain was maintained and repaired according to the law applicable thereto and is now under the supervision of the county surveyor of Wells County, Indiana for repair and maintenance.

That in the year 1937 the surveyor of Wells County was notified that the tile drain was out of repair and he inspected the same and determined that it needed repair and that the cost thereof would exceed Fifty Dollars ($50.00). Thereupon he gave notice of the letting of a contract for the repair of said drain, and let the repair contract. The drain having been repaired, the surveyor caused the costs thereof in the sum of Twenty-six Hundred Forty-seven Dollars and Fifty Cents ($2,647.50) to be paid out of the general fund of Wells County and then proceeded to assess the same against the land originally assessed for the construction of said drain in the same proportion as used in the original assessment, and in accordance with § 27-210, Burns' 1933 (Supp.), § 5784, Baldwin's 1935.

The surveyor having ascertained that the cost was 16.374% of the original cost of the drain, and having ascertained that the appellee's land was assessed Nineteen Hundred Twenty Dollars ($1,920.00) for the construction of the Delong tile drain and Markley prong, assessed the appellee's land the sum of Three Hundred Fourteen Dollars and Thirty-eight Cents ($314.38).

No notice was given or hearing had in the proceedings for the repair of the tiled portion of the Delong drain and the Markley prong, and said

proceedings were had by virtue of and according to Acts 1935, ch. 225, § 6, § 27-210, Burns 1933 (Supp.), § 5784, Baldwin's 1935.

To this complaint the appellants addressed demurrers, which were overruled by the court, and the appellants then filed answers in denial and the cause was tried by the court and special findings of fact made. Conclusions of law were entered on the special findings of fact and the appellants excepted and assigned error as to the first, third, fourth and fifth conclusions of law, which conclusions are as follows:

"1. The law is with the plaintiff and he is entitled to recover in this action.

"3. Section 6, Chapter 225 of the Acts of the Indiana General Assembly of 1935, is unconstitutional and void as violative of the due process clause of the 14th Amendment of the Federal Constitution.

"4. The pretended lien, created by assessment for the repair of the Joseph Delong et al., drain and Markley prong thereto, is void, of no force and effect, and should be cancelled.

"5. The plaintiff is entitled to have his title to the several tracts of real estate above described quieted as against the pretended lien of said assessment against the several tracts of real estate above described owned by the said plaintiff."

Judgment was in accordance with the conclusions of law.

Error is assigned on the overruling of the demurrers, the exceptions to the conclusions of law, the overruling of the motion for a new trial and the admission of evidence by the appellee showing what, if any, benefits accrued to the land assessed, by reason of the repair. No evidence was produced and no finding was made as to whether or not the drain needed repair, or whether or not it was economically accomplished.

Inasmuch as there are special findings of fact and conclusions of law, and since the question raised by the demurrers is likewise raised by the exceptions to the conclusions of law, we feel that it is unnecessary to pass upon the ruling on the demurrers. *Board, etc.,* v. *Town of Carlisle* (1924), 82 Ind. App. 63, 144 N. E. 859.

It is apparent that the only question involved is whether or not § 6 of ch. 225, p. 1053 of the Acts of 1935, being § 27-210, Burns' 1933 (Supp.), § 5784, Baldwin's 1935, is unconstitutional as being violative of and repugnant to the "due process of law" clause of the Fourteenth Amendment to the Federal Constitution.

If this statute is unconstitutional the judgment should be affirmed, but if constitutional, the judgment should be reversed.

It is admitted by the appellee in his complaint, and in the finding of the court, that in the original proceeding to establish the Delong et al. drain all proceedings were had in accordance with the statute under which the drain was constructed, and this included notice and the right to be heard on all questions pertaining to said matter.

In the case of *Yeomans* v. *Riddle* (1891), 84 Iowa 147, 157, 158, 50 N. W. 886, 889, 890, that court said:

"The reopening and repairs are really contemplated when the ditch is originally ordered. Unless the ditch be reopened when filled by the action of the frost and water, or other cause, and repaired when injury has been sustained by floods or other causes, the original outlay would be wholly lost. The law contemplates, what is familiar in the experience of all, that improvements of this kind require constant watchfulness and care to preserve them and their usefulness. . . . . The law intended that the ditch should be permanent and enduring, and that its preservation should not depend upon the acquisition of jurisdiction by the supervisors

through a petition which might never be presented, and which they would have no power to cause to be presented. It did not intend that a part of the land-owners, after having been heavily assessed for benefits, should lose their outlay by reason of the ditch becoming filled up, and their reclaimed land again become a pond, for the reason that the other landowners had changed their views as to the utility of the ditch, and therefore refused to sign a petition for making repairs."

In the above case it is held that the special assessment therein levied was made as a part of the taxing power of the State of Iowa and that no notice of any kind or character was necessary.

In the case of *Baldwin* v. *Moroney* (1910), ■ 173 Ind. 574, 577, 91 N. E. 3, 5, this court said:

"Appellant also insists that 'laws enacted by the legislature for such public improvements as the construction of public highways or drains are not an exercise of the power of taxation.' As to the last contention, it has been held by many courts of last resort that the legislature, in enacting such laws, exercises the sovereign power of taxation."

In the case of *Board of Com'rs, etc.,* v. *Harrell* ■ *et al.* (1897), 147 Ind. 500, 504, 505, 507, 46 N. E. 124, 125, 126, this court said:

"The power of the legislature in matters of taxation is unlimited except as restricted by the constitution. The legislature in the exercise of this power in making local improvements, may create a special taxing district without regard to the boundaries of counties, townships or municipalities. . . .

"It is clear, therefore, that the special tax to be paid under said law is an assessment of benefits to the persons and property taxed by the legislature in the exercise of its sovereign power of taxation."

The above case is quoted with approval by this court in the case of *Hutchins* v. *Town of Fremont* (1924), 194 Ind. 74, 84, 142 N. E. 3, 6, 7.

The general rule is that the Legislature has authority and power to directly create, define or limit special assessment districts for drainage, road and ██ other public purposes in order to safeguard the health of its people or to promote the general welfare, and that when the assessment district is directly created by the Legislature no notice of any kind or character is necessary to the owners of the property interested in order to comply with the construction placed upon the Fourteenth Amendment to the Constitution of the United States, for the reason that the Legislature itself has found that the land included in the district will be specially benefited by the improvements, and for the further reason that it is presumed that the Legislature has made prior appropriate and adequate inquiry concerning the matter, and having done so the legislative finding is conclusive, at least in the absence of abuse of its legislative rights. *Chesebro* v. *Los Angeles Co. Flood Control Dist.* (1939), 306 U. S. 459, 83 L. Ed. 921.

In the above case it is also held that where the district was not directly created by the Legislature, and there has not been a determination that certain █ property will be benefited by local improvements, the owners are entitled to notice under the "due process of law" clause of the Fourteenth Amendment, and further that they are entitled to be heard by some officer or tribunal empowered by the state to hear them, and to consider and decide whether or not their lands will be specially benefited. Citing *Fallbrook Irrigation District* v. *Bradley* (1896), 164 U. S. 112, 167, 41 L. Ed. 369, 391.

The complaint alleges, and the court in its special findings found, that the original Delong ditch was constructed in due conformity to law, which included notice and hearing under the statute then in force for the construction of drains. That action created a drainage district or unit and the Legislature, by the statute under consideration, adopted that unit as a continuing drainage district which, was to be kept in repair by action of the county surveyor of Wells County, as agent of the Indiana Legislature.

It is generally held that under such circumstances, neither notice nor hearing of proceedings to repair is required. The parties having been notified and having appeared in court in the original proceeding are continued in court and are bound by the additional proceedings for the repair of the drain. In the original proceeding the court found that the lands of the appellee would be benefited, and the statute under consideration provides the yardstick to be used by the surveyor in measuring the amount that the appellee must pay. It is the same yardstick created originally in the Delong drain. This procedure is supported by the authorities. *Breiholz* v. *Pocahontas County* (1921), 257 U. S. 118, 66 L. Ed. 159. See also 84 A. L. R. 1103.

In 84 A. L. R. 1104 it is stated that the general rule is not followed in Indiana, and the author cites the case of *Harmon* v. *Bolley* (1918), 187 Ind. 511, 120 N. E. 33, as authority for that statement. That opinion, based on *Norwood* v. *Baker* (1898), 172 U. S. 269, 43 L. Ed. 433, has been cited but few times in Indiana.

The Norwood case arose because of the opening of a street and the action of the town counsel in attempting to arbitrarily assess benefits, in an amount equal to the total amount of damages and expenses, against the

owner of the land condemned. There the Village of
Norwood, after condemning a strip fifty (50) feet wide
through the Baker land, and after a jury had awarded
Baker Two Thousand Dollars ($2,000.00) damages for
the land taken, passed an ordinance, providing that the
cost of opening the street, plus the amount awarded
in condemnation, be assessed solely and only against
the Baker land, and the court there held that the action
of the town counsel plainly was an arbitrary attempt
to assess the land for the total cost of the strip con-
demned, plus the costs of advertising and other charges
on the foot rule basis, without regard to the benefits
that might accrue to the land assessed or to adjoining
land along the same street. Undoubtedly the decision
in that case was correct, but in deciding that question
the Supreme Court of the United States used much
dicta, and for more than forty years the Supreme
Court of the United States and other courts, have
been distinguishing its involved reasoning.

The question of notice was not involved. It merely
was a flagrant abuse of the power to levy special assess-
ments for street purposes, in an effort to force an in-
dividual to pay the amount of damages which he him-
self had recovered for land taken, plus all expenses con-
nected with the opening of the road, and without regard
to the particular benefits which would accrue to said
landowner. However, even in that case the court, on
page 284, said:

> "It is true that the power of taxing is one of the
> high and indispensable prerogatives of the gov-
> ernment, and it can be only in cases free from all
> doubt that its exercise can be declared by the courts
> to be illegal. But such case, if it can ever arise,
> is certainly presented when a property is specified,
> out of which a public improvement is to be paid for

in excess of the value specially imparted to it by such improvement."

While it may be true that the result reached in *Harmon* v. *Bolley, supra,* may be correct upon the facts of that particular case, yet we can see no reason for applying its reasoning to a case like the instant one where the appellee does not question the necessity for drain repairs, the legality of the original proceeding for the construction of the drain, or the fairness of the levying of the charges according to the rule used in the original proceeding. In so far as the case of *Harmon* v. *Bolley, supra* is inconsistent with this opinion, it is overruled.

Although some witnesses testified, and the court found, that the value of appellee's real estate was no greater after the repair of the drain than it was before its repair, nevertheless we are not concerned specifically with benefits and damages.

Since the ditch originally was constructed with all the safeguards of the law thrown around it, and with a fair and equitable distribution of the expenses of construction, and since the Legislature by statute adopted and made said drainage district its own, the Legislature thereby in effect found that the land of appellee and all others in said drainage district would be from time to time benefited by repairing the drain that was constructed to serve all, and the question of benefits to each parcel of land in the drainage district would not be a proper subject of inquiry, and the court erred in permitting various witnesses to testify over the objection of the appellants as to the value of the land of appellee, both before and after the repair of the drain, and Finding No. 10 being a finding not within the legal issues in the cause, must be disregarded as superfluous. Consequently it cannot be used as a basis

to support the conclusions of law. *Koons* v. *The First National Bank of Jeffersonville et al.* (1883), 89 Ind. 178.

We therefore hold that Acts 1935, ch. 225, § 6, § 27-210, Burns' 1933 (Supp.), § 5784, Baldwin's 1935 does not violate the "due process of law" clause of the Fourteenth Amendment of the Constitution of the United States.

The court erred in each the first, third, fourth and fifth conclusions of law and the judgment is therefore reversed. The Wells Circuit Court is instructed to restate conclusions of law numbers one, three, four and five in conformity with this opinion and to give judgment for appellants.

NOTE.—Reported in 47 N. E. (2d) 320.