**Eddie D. GREGORY, Appellant
(Petitioner Below),**

v.

**STATE of Indiana, Appellee
(Respondent Below).**

**No. 584S205.**

Supreme Court of Indiana.

Jan. 6, 1986.

Susan K. Carpenter, Public Defender of Indiana, Melanie C. Conour, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

As the result of participating in the escape of a prisoner who was paying an escorted visit to a funeral home in 1974, Eddie Gregory was charged with Robbery and two counts of Aiding Escape of Prisoners. The prosecutor further alleged that he was an habitual offender.

On the morning of his trial in 1977, Gregory reached an agreement with the prosecutor and pleaded guilty to the three felonies in return for a recommendation of three concurrent thirty year sentences. The prosecutor also agreed to drop the habitual offender charge.

Six years later, Gregory filed a pro se Petition for Post-Conviction Relief, which was later amended after the Public Defender entered an appearance. The Petition sought to vacate Gregory's conviction on the grounds that the trial judge who accepted it had not complied with Ind.Code § 35–4.1–1–3 (now recodified as Ind.Code § 35–35–1–2). The trial judge held an evidentiary hearing, concluded that the advisements given by the trial court had been adequate, and denied the individually alleged grounds for relief. She further found that Gregory's petition was barred by laches. Gregory appeals from those findings.

Appellant raises three issues on appeal. He claims that the post-conviction court erred in finding that he had been advised of various rights at the time he pleaded guilty, namely, the right to confront and cross-examine witnesses and the right to a public and speedy trial. He asserts that he was not told that by pleading guilty he was admitting the truth of the facts alleged in the information and that thereupon the court would proceed with sentencing. Finally, he claims that the post-conviction court erred in finding laches.

We find the last of these issues to be dispositive and affirm the denial of Gregory's Petition.

Laches is an equitable doctrine which is available to the State as an affirmative defense. This Court has defined laches as:

... the neglect for an unreasonable or unexplained length of time, under circumstances permitting diligence, to do what in law should have been done. It is an implied waiver arising from knowledge of existing conditions and an acquiescence in them, the neglect to assert a right, as taken in conjunction with the lapse of time, more or less great, and other circumstances causing prejudice to the adverse party and thus operating as a bar in a court of equity. [Citations omitted.]

The question of laches is one to be determined by the court in the exercise of its sound discretion from the facts and circumstances of each case. *State ex rel. Harris v. Mutschler* (1953), 232 Ind. 580, 115 N.E.2d 206. Although an element

thereof, the lapse of time alone does not constitute laches. *Sinclair v. Gunzenhauser* (1913), 179 Ind. 78, 98 N.E. 37, rehearing denied 179 Ind. 78, 100 N.E. 376. Other factors also bear substantially upon the determination, among them the reasonableness of a delay and the prejudice, if any, to the adversary.

*Frazier v. State* (1975), 263 Ind. 614, 335 N.E.2d 623, 625.

■ The burden to prove laches lies with the State. *Twyman v. State* (1984), Ind., 459 N.E.2d 705. Generally, a petitioner who appeals from an adverse judgment rendered by the trial court stands in the shoes of one who appeals from a negative judgment. *Carr v. State* (1983), 455 N.E.2d 343. In this case the proper standard of appellate review is as follows:

> It is only where the evidence is without conflict and leads to but one conclusion, and the trial court has reached an opposite conclusion, that the decision will be disturbed as being contrary to law.

*Neville v. State* (1982), Ind., 439 N.E.2d 1358, 1360.

■ However, when the petitioner did not have the burden of proof upon the challenged issue our standard of review on appeal is the sufficiency of the evidence. *Williams v. State* (1985), Ind., 480 N.E.2d 953; *Gentry v. State* (1984), Ind., 471 N.E.2d 263.

The trial court found that the appellant's delay in filing his petition was inexcusable. The evidence was that the appellant had been in and out of penal institutions, mostly in, for thirteen years before he filed his petition. Although he testified that he had only become well acquainted with post-conviction proceedings within the last year and a half, he admitted that he had heard talk about "getting a P.C." so that you could "go back to court". He said he had never used these occasions to ask people how to go about "getting a P.C." because he thought it was "more or less their personal business". There was an indication that he had heard these discussions on and off during the thirteen years since he had first been incarcerated at Pendleton. Appellant

indicated that once he decided to start a G.E.D. program at the institution he came to know more about the prison library and ultimately filed his own petition. The trial judge heard considerable additional evidence concerning whether Gregory's delay occurred under circumstances permitting diligence and concluded that such was the case.

There was also evidence adduced on the question of prejudice to the State. Sergeant Wesseler of the Marion County Sheriff's Department testified that he was the victim of the robbery, but that since it had taken place some nine years earlier his memory was diminished by the passage of time. He indicated that he had access only to some of the notes that he had made at the time and that as far as he knew there were not any investigative reports still available. He testified that he had made inquiry about the availability of the other witnesses to the crime and determined that one was available, one was not available, and one was still unverified. Efforts to probe Sergeant Wesseler's memory of the events in question brought an objection by the counsel for appellant. It was sustained. The investigating officer, Detective James Baker, had since departed from the Sheriff's Department. His whereabouts are not disclosed by the record.

■ The trial judge weighed this testimony and other evidence of prejudice to the State's ability to present its case and concluded that this prejudice and the appellant's tardiness acted to create an equitable bar to his petition. We conclude that there was substantial evidence of probative value to support the trial court's findings.

Accordingly, the judgment of the trial court is affirmed.

GIVAN, C.J., and PRENTICE, and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result and would affirm the denial of Post-Conviction Relief on the grounds that the Judge's

colloquy satisfies legal requirements, but does not find evidence of prejudice to support the laches defense.